Timothy W. Moppin (SBN 133363)
Attorney at Law
2015 Junction Avenue
El Cerrito, California 94530
Telephone: (510) 232-0442
timmoppin@aol.com

Richard M. Nichols (SBN 166638)
Attorney at Law
876 Arlene Way
Novato, CA 94947
rnicholspc@gmail.com

Attorneys for Plaintiff
HOPE SOLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE SOLO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES SOCCER FEDERATION,<br><br>　　　　　Defendant. | Case No. 3:18-cv-05215<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO RULE 12(B)(6)**<br><br>Date:　February 21, 2019<br>Time:　10:00 a.m.<br>Dept.:　Courtroom 11<br>Judge:　Hon. James Donato<br><br>Complaint Filed: August 24, 2018 |

## INTRODUCTION

The purpose of a motion to dismiss for failure to state a claim under Federal Rules of Civil Procedure (FRCP), Rule 12(b)(6) ("Rule 12(b)(6)") is to test the formal sufficiency of the plaintiff's statement of the claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir 2001). A motion for failure to state a claim is not a procedure for resolving a contest about the merits of the case. *Nielsen v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1151 (CD Cal. 2003). Dismissal for failure to state a claim is appropriate only when the plaintiff can prove no set of facts supporting relief. *Guerrero v. Gates*, 357 F. 3d 911, 916 (9th Cir. 2004). Thus, the motion is

viewed with disfavor and is rarely granted. *Gilligan v. Jamco Development Corp.*, F. 3d 246, 249 (9th Cir. 1997); *Gallardo v. DiCarlo*, 203 F. Supp. 2d 1160, 1164-1165 (CD Cal. 2002).

The legal sufficiency of a complaint is measured by whether it meets the pleading standards set forth in FRCP Rule 8. The party bringing a motion to dismiss for failure to state a claim bears the burden of demonstrating that the plaintiff has not met the pleading requirements of Rule 8(a)(2) in stating a claim. *Gallardo*, supra at 1165. Rule 8(a)(2) requires parties seeking relief in federal court a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief. FRCP Rule 8(a)(2). Each allegation must be simple, concise and direct. FRCP Rule 8(d)(1).

A complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *accord Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

Thus, the Federal Rules embody notice pleading and require only a concise statement of the claim, rather than evidentiary facts. Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This plausibility standard does not require heightened fact pleading of specifics. Rather it requires enough facts to state a claim to relief that is plausible on its face. *Id.* at 555-556.

Because plaintiff Hope Solo's ("plaintiff") Complaint For Violation of the Equal Pay Act And Discrimination ("Complaint") satisfies the pleading requirements of Rule 8, and sets forth a plausible claim for relief under the Equal Pay Act, the court should deny the Motion to Dismiss The Complaint Pursuant To Rule 12(b)(6) ("Motion to Dismiss") made herein by defendant United States Soccer Federation ("defendant") in its entirety.

## DISCUSSION

### A. Legal Standard

When considering a motion to dismiss a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must assume as true all allegations contained in the complaint. *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). On FRCP 12(b)(6) motions, the court must assess the legal feasibility of the complaint and whether a plaintiff has pled claims for

which he or she is entitled to discovery. *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000); *Chance*, 143 F.3d at 701.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court held that courts should entertain a motion to dismiss by following a two-pronged approach:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

A complaint containing allegations that, if proven, present a winning case is not subject to dismissal under Rule 12(b)(6) "no matter how unlikely such winning outcome may appear" to the district court. *Balderas v. Countrywide Bank N.A.*, 664 F. 3d 787, 791 (9th Cir. 2011). Plaintiff's ability to prove his or her allegations, or possible difficulties in making such proof, is generally of no concern in ruling on Rule 12(b)(6) motions: "In considering a 12(b)(6) motion, we do not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." *Nami v. Fauver*, 82 F. 3d 63, 65 (3rd Cir. 1996); see *Allison v. California Adult Authority*, 419 F. 2d 822, 823 (9th Cir. 1969); *Peterson v. Grisham*, 594 F. 3d 723, 727 – court does not weigh potential evidence parties may present at trial.

### B. Plaintiff's Complaint Contains a Plausible Claim For Relief Thus The Motion To Dismiss Should be Denied

The analysis of whether a claim is plausible begins with a consideration of the elements of the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). The Equal Pay Act provides that "[n]o employer having employees subject to any provisions of this section shall discriminate . . . between employees on the basis of sex." 29 U.S.C. § 206(d)(1). To state a claim under the Equal Pay Act, plaintiff must allege the following: "(1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions." *Klein v. New York Univ.*, No. 07 Civ. 160, 2008 WL 3843514, at *3 (S.D.N.Y. Aug. 14, 2008) (citing *Corning Glass Works v. Brennan*, 47 U.S. 188, 195 (1974)).

Plaintiff's Complaint satisfies the legal requirements for alleging a violation of the Equal Pay Act. See Compl. ¶¶ 23-28. Assuming that the violation is true, then there is necessarily

discrimination which is also sufficiently alleged. See Compl. ¶¶ 29-34. The Complaint sets forth a novel theory under the Equal Pay Act by a professional sports athlete "that can best be assessed after factual development," thus dismissal is not justified under Rule 12(b)(6). *McGary v. City of Portland*, 386 F. 3d 1259, 1270 (9th Cir. 2004); *Wright v. State of North Carolina*, 787 F. 3d 256, 263 (4th Cir. 2015) - to extent plaintiff's claims do not fall within "the four corners of our prior case law," dismissal not justified under Rule 12(b)(6).

### C. There Is No Defect On The Face Of Plaintiff's Complaint Warranting Dismissal Under Rule 12(b)(6)

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a motion to dismiss under FRCP Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 f. 3d 668, 688 (9th Cir. 2001). If the court considers matters outside the pleadings, it must treat the motion as one for summary judgment. See FRCP, Rules 12(b)(6), 56. Documents attached to the complaint and incorporated therein by reference are treated as part of the complaint when ruling on a Rule 12(b)(6) motion. *Harris v. Amgen, Inc.*, 788 F. 3d 916, 934. A complaint's mere mention of the existence of a document is insufficient to incorporate the contents of a document. *Coto Settlement v. Eisenberg*, 593 F. 3d 1031, 1038 (9th Cir. 2010).

There is no defect appearing on the face of the Complaint or the exhibit attached thereto that warrant dismissal under Rule 12(b)(6). The defendant has attached numerous documents extraneous to the Complaint in support of its Motion To Dismiss, and is attempting to ignore the facts of the Complaint and to argue its own facts. This is highly improper on a 12(b)(6) motion.

Documents not physically attached to the complaint can only be considered if the complaint refers to such document, the documents is central to plaintiff's claim, and the document is accepted as authentic. See, e.g., *United States v. Corinthian Colleges*, 655 F. 3d 984, 999 (9th Cir. 2011). None of the documents attached by defendant are referenced in the Complaint. Further, the documents are not central to plaintiff's claims, and in fact are the reason why the pay disparity exists. Plaintiff intends to challenge the collective bargaining agreement and FIFA Regulations as they perpetuate the wage differential that is the basis of plaintiff's claims. The defendant's extraneous documents should be disregarded when deciding this Rule 12(b)(6) motion.

Further, defendant request for judicial notice should be denied. A court may not take judicial notice of a document for the truth of the facts contained in it when those facts are essential to support a contention in the action. *Troy Group, Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (CD Cal. 2005). The defendant's reliance on the FIFA Regulations is improper on a 12(b)(6) motion.

### D. A 12(b)(6) Motion Cannot Be Used To Raise An Affirmative Defense

Ordinarily, a Rule 12(b)(6) motion cannot be used to raise an affirmative defense. Complaints need not contain any information about defenses and may not be dismissed for that omission. *Xechem, Inc. v. Bristol-Meyer Squibb Co.*, 372 F. 3d 899, 901 (7th Cir. 2004); see *Brownmark Films, LLC. v. Comedy Partners*, 682 F. 3d 687-690 (7th Cir. 2012) – "courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses" because "a plaintiff may state a claim even though there is a defense to that claim." The choice for a defendant wishing to address an affirmative defense prior to trial is to file a Rule 56 motion for summary judgment.

Accordingly, any discussion by defendant of any possible defense to the Complaint is improper on this Rule 12(b)(6) motion and should be disregarded. In fact, with respect to the alleged failure to exhaust administrative remedies, most courts hold that a motion for summary judgment is the appropriate procedural method for raising the defense of failure to exhaust administrative remedies. See, e.g., *Albino v. Baca*, 747 F. 3d 1162, 1170 (9th Cir. 2014).

### CONCLUSION

On a motion to dismiss under Rule 12(b)(6), the court must accept as true all the factual allegations set out in the plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally. *Rescuecom Corp. v. Google, Inc.*, 562 F. 3d 123, 127 (2d Cir. 2009). All reasonable inferences from the facts are drawn in plaintiff's favor in determining whether the complaint states a valid claim. *Braden v. Wal-Mart Stores, Inc.*, 588 F. 3d 585, 595 – "*Twombly* and *Iqual* did not change this fundamental tenet of Rule 12(b)(6) practice."

Construing the Complaint liberally and in favor of plaintiff, the Complaint is legally sufficient and defendant's Motion to Dismiss should be denied. Should the Court disagree, then plaintiff should be granted leave to amend to correct any deficiencies.

Date: January 14, 2019

Respectfully submitted

By: *[signature]*
TIMOTHY W. MOPPIN, ESQ
RICHARD M. NICHOLS. ESQ.
Attorneys for Plaintiff
HOPE SOLO