SEYFARTH SHAW LLP
Ellen E. McLaughlin (IL 6181045) (*admitted pro hac vice*)
emclaughlin@seyfarth.com
Cheryl A. Luce (IL 6313386) (*admitted pro hac vice*)
cluce@seyfarth.com
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:   (312) 460-5000
Facsimile:   (312) 460-7000

SEYFARTH SHAW LLP
Chantelle C. Egan (SBN 257938)
cegan@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:   (415) 397-8549

Attorneys for Defendant
UNITED STATES SOCCER FEDERATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE SOLO, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES SOCCER FEDERATION, <br><br> Defendant. | Case No. 3:18-cv-05215 <br><br> **DEFENDANT UNITED STATES SOCCER FEDERATION'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE** <br><br> Date:   February 21, 2019 <br> Time:   10:00 a.m. <br> Dept.:   Courtroom 11 <br> Judge:   Hon. James Donato <br><br> Complaint Filed:  August 24, 2018 |

**TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................................... 1

II. ARGUMENT ..................................................................................................................... 1

    A.    Solo Concedes That This Action Could Have Been Brought In The Northern District of Illinois. ............................................................................................... 1

    B.    The Factors Governing Convenience And Fairness Favor Transfer To The Northern District Of Illinois. ................................................................................... 2

        1.    Solo Has Failed To Establish That Her Choice Of Forum Is Entitled To Any Deference. ................................................................................. 3

        2.    The Northern District Of Illinois Is A More Convenient Forum For The Parties And The Witnesses. ........................................................... 5

III. CONCLUSION .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Foster v. Nationwide Mut. Ins. Co.*,
   No. C 07-04928 SI, 2007 WL 4410408 (N.D. Cal. July 21, 2008) ...................................... 4

*In re Funeral Consumers Antitrust Litig.*,
   2005 WL 2334362 (N.D. Cal. Sept. 23, 2005) ........................................................................ 6

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) .................................................................................................. 2

*Logtale, Ltd. v. IKOR, Inc.*,
   No. 11-cv-05452-EDL, 2015 WL 1299849 (N.D. Cal. Mar. 20, 2015) .................................. 4

*M.K. v. Visa Cigna Network POS Plan*,
   No. 12-CV-04652-LHK, 2013 WL 2146609 (N.D. Cal. 2013) ........................................... 1, 2

*Pacific Car & Foundry Co. v. Pence*,
   403 F.2d 949 (9th Cir. 1968) .................................................................................................. 4

*Park v. Dole Fresh Vegetables, Inc.*,
   964 F. Supp. 2d 1088 (N.D. Cal. 2013) .................................................................................. 3

*PHH Mortgage Corp. v. Barrett, Daffin, Frappier, Treder & Weiss, LLP*,
   No. 15-cv-04711-JD, 2016 WL 1588270 (N.D. Cal. Apr. 20, 2016) ...................................... 2

*Sloan v. Pfizer, Inc.*,
   No. C 08-1849 SBA, 2008 WL 4167083 (N.D. Cal. Sept. 8, 2008) .................................... 3, 4

*Thermolife Int'l, LLC v. Vital Pharms., Inc.*,
   2014 WL 12235190 (C.D. Cal. Aug. 15, 2014) ...................................................................... 5

*Universal Grading Serv. v. eBay, Inc.*,
   No. C-09-2755 RMW, 2011 WL 846060 (N.D. Cal. Mar. 8, 2011) ....................................... 4

**Federal Statutes**

28 U.S.C. § 1404(a) .......................................................................................................... 2, 4, 5, 6

**State Statutes**

N.D. Cal. Civil. L.R. 7-5 ........................................................................................................... 4

**Rules**

Local Rule 7-5(b) ........................................................................................................................ 4

## I. INTRODUCTION

Plaintiff Hope Solo's ("Solo") Opposition to Defendant U.S. Soccer's Motion to Transfer Venue ("Opposition") fails to counter U.S. Soccer's arguments as to why transfer to the Northern District of Illinois is appropriate "[f]or the convenience of parties and witnesses, in the interest of justice." Indeed, Solo "agrees" (as she must) that this action could have been brought in the Northern District of Illinois because U.S. Soccer has its headquarters and principal place of business in Chicago, Illinois and because the Northern District of Illinois is the judicial district in which a substantial part of the events giving rise to Solo's claim occurred—*i.e.*, this action arises out of Solo's employment with and compensation from U.S. Soccer, which was governed by a CBA signed in Chicago, Illinois. (Dkt. 35 p. 2). Further, Solo does not dispute (1) that she neither lives nor primarily works in the Northern District of California, (2) that the named parties and potential witnesses would find the Northern District of Illinois far more convenient than the Northern District of California, or (3) that litigating this matter in the Northern District of California would be much more costly than doing so in the Northern District of Illinois. Instead, Solo's argument against transfer is based primarily on the fact that the Northern District of California is the forum she as Plaintiff selected. But Solo wholly ignores relevant case law from this District and the Ninth Circuit holding that where, as here, the plaintiff does not reside in the chosen forum and the forum lacks significant contact with the activities alleged in the complaint, a plaintiff's chosen forum should be afforded minimal—if any—weight.

Because the Northern District of California has no logical tie to the parties, the activities alleged in the Complaint, the sources of proof, or the likely witnesses in this case, and because the Northern District of Illinois would be the most efficient and convenient judicial venue in which to resolve Solo's claims, U.S. Soccer respectfully requests that this Court grant the instant motion and transfer this case.

## II. ARGUMENT

### A. Solo Concedes That This Action Could Have Been Brought In The Northern District of Illinois.

Solo "agrees" that this action could have been brought in the Northern District of Illinois and thus concedes the first prong of the two-step analysis to determine whether transfer is appropriate. *M.K.*

*v. Visa Cigna Network POS Plan*, No. 12-CV-04652-LHK, 2013 WL 2146609, *2 (N.D. Cal. 2013). Further, Solo does not dispute that U.S. Soccer is subject to personal jurisdiction in the Northern District of Illinois because U.S. Soccer has its headquarters and principal place of business in Chicago, Illinois, or that the Northern District of Illinois has subject matter jurisdiction over Solo's Equal Pay Act and Title VII claims.  Nor does Solo challenge that venue is proper in the Northern District of Illinois because it is where the events allegedly giving rise to Solo's claims occurred—*i.e.*, this action arises out of Solo's employment with and compensation from U.S. Soccer as a member of the WNT, which was governed by a CBA signed in Chicago, Illinois.  Thus, it is undisputed that the Court has authority to transfer venue to the Northern District of Illinois.

      **B.**     **The Factors Governing Convenience And Fairness Favor Transfer To The Northern District Of Illinois.**

Having conceded that this Court has authority to transfer venue, Solo is left to argue that it should not exercise its discretion to do so based upon the "case-by-case consideration of convenience and fairness." *M.K.*, 2013 WL 2146609 at *2.  As this Court has stated, the following factors should be weighed in deciding a motion to transfer venue under Section 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*PHH Mortgage Corp. v. Barrett, Daffin, Frappier, Treder & Weiss, LLP*, No. 15-cv-04711-JD, 2016 WL 1588270, at *2 (N.D. Cal. Apr. 20, 2016) (Donato, J.) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).  Here, just as in *PHH Mortgage*, "neither party has any demonstrated ties to the Northern District" of California; "[o]nly one of the factors, plaintiff's choice of forum, points to the Northern District" of California but that factor should be given minimal, if any, weight; "[t]he rest are either neutral or weigh heavily in favor of the [Northern District of Illinois] … as a proper forum for this action." *Id.*  Consequently, this action should be transferred to the Northern District of Illinois. *See id.*

### 1. Solo Has Failed To Establish That Her Choice Of Forum Is Entitled To Any Deference.

In its opening memorandum, U.S. Soccer pointed out that Solo's choice of forum was entitled to little, if any, weight because Solo does not reside in the Northern District of California and this District lacks any significant connection to the alleged events underlying this lawsuit. (Dkt. 25 pp. 6-7, citing cases). In her Opposition, Solo essentially concedes that she lacks *any* connection to the Northern District of California. Solo admits that she lives in North Carolina and does not allege that she primarily worked for U.S. Soccer in the Northern District of California or ever lived in California. Nor does Solo assert that the events underlying this lawsuit occurred in the Northern District of California. Instead, Solo asks this Court to deny U.S. Soccer's Motion to Transfer simply because a "plaintiff's forum should rarely be disturbed." (Dkt. 35 p. 1). But relevant case law from this District establishes that where, as here, "a plaintiff does not reside in the forum, the Court may afford plaintiff's choice considerably less weight." (Dkt. 25 p. 6, citing cases); *see also Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013) (the degree of deference generally given to plaintiff's choice of forum "is substantially diminished in several circumstances, including where the plaintiff's venue choice is not its residence"); *Sloan v. Pfizer, Inc.*, No. C 08-1849 SBA, 2008 WL 4167083, at *4 (N.D. Cal. Sept. 8, 2008) ("The plaintiff's chosen venue is accorded substantially less deference if the operative facts haven not occurred within the forum and the forum has no interest in the parties or subject matter.").

Though never cited or referenced in her Opposition, Solo claims in a declaration that, over her 16-year career as a goalkeeper for the WNT, she participated in various unidentified "USSF official events in Northern and Southern California," and that "for several months of each year" she "participated in official mandatory USWNT Training Camps and play[ed] games at the USSF's official National Training Center in Carson, CA." (Dkt. 36, ¶¶ 2-3). Notably, and as Solo acknowledges, U.S. Soccer's National Training Center is located in Carson, California, which is in the Central District of California, and thus provides no evidence of connection to the Northern District of California. Similarly, Solo's vague references to training, playing, and greeting fans "at least once each year" at

3

DEFENDANT U.S. SOCCER'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE
CASE NO. 3:18-CV-05215-JD

Avaya Stadium in San Jose, California fall far short of the "significant contact" required for her choice of forum to be given weight. *See e.g.*, *Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928 SI, 2007 WL 4410408, at *3 (N.D. Cal. July 21, 2008) (transferring employment case from Northern District of California and giving plaintiff's choice of forum very little weight based on the fact that the plaintiff did not live in the district and spent only 30% of his working hours in the district).

Likewise, Solo's attempt to defend her choice of forum by claiming that "the USSF maintains executive offices in Southern California" and that unidentified "[t]op USSF executive officers conduct business daily from these California offices" (Dkt. 36 ¶ 6) is both irrelevant and inaccurate.[1] Deference to a plaintiff's choice of forum has little to do with a defendant's contacts; rather, the focus is on *Solo's* connection to that forum. In addition, connection to "Southern California" does not establish connections to the Northern District of California. Further, the individuals in key leadership positions of U.S. Soccer (including the individuals who negotiated and/or signed the CBA and/or interacted with Solo during her employment) all live, work, and/or regularly travel to Chicago, Illinois. (Dkt. 25 pp. 2, 9).

Because Solo does not reside in the Northern District of California, and as this District lacks any significant connection to the alleged events underlying this lawsuit, Solo's choice of forum is entitled to little, if any, weight. *See Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 955 (9th Cir. 1968) ("We are left, then, with a choice of forum supported only by the fact that it was chosen. Such a choice cannot prevail under § 1404(a) against the showing of inconvenience here made by the petitioner.").

---

[1] Solo has not identified a single U.S. Soccer executive based in California. Moreover, many of the statements in Solo's Declaration, including those in Paragraphs 4, 5, 6, and 7 lack foundation and personal knowledge and, as such, should be stricken. N.D. Cal. Civil. L.R. 7-5. *See Sloan v. Pfizer, Inc.*, No. C 08-1849 SBA, 2008 WL 4167083, at *2 (N.D. Cal. Sept. 8, 2008) (granting motion to transfer and striking paragraphs of declaration submitted in opposition to motion to transfer that lacked personal knowledge and failed to provide a foundation for their admission into evidence); *see also Logtale, Ltd. v. IKOR, Inc.*, No. 11-cv-05452-EDL, 2015 WL 1299849, at *5 n.4 (N.D. Cal. Mar. 20, 2015) (striking declaration that "improperly includes … argument, legal conclusions, and assertions not within the declarant's personal knowledge and in violation of Local Rule 7-5(b)"); *Universal Grading Serv. v. eBay, Inc.*, No. C-09-2755 RMW, 2011 WL 846060, at *11 (N.D. Cal. Mar. 8, 2011) ("Because [Plaintiff's] Declaration contains numerous legal conclusions and arguments and lacks proper foundation, this court grants [Defendant's] motion to strike.").

### 2. The Northern District Of Illinois Is A More Convenient Forum For The Parties And The Witnesses.

Solo correctly recognizes that "convenience of witnesses is often the most important factor to consider in deciding a motion to transfer under 28 U.S.C. § 1404(a)," but incorrectly concludes that "here it is inapposite." (Dkt. 35 p. 3). As U.S. Soccer established in its opening memorandum, and Solo does not refute, the named parties and a majority of potential witnesses would find the Northern District of Illinois far more convenient than the Northern District of California, including for the following reasons:

- Solo resides in North Carolina, more than 2,800 miles from the Northern District of California's courthouses.

- U.S. Soccer is headquartered in Chicago, Illinois, more than 2,000 miles from the Northern District of California.

- The Northern District of Illinois in Chicago, Illinois is where the CBA that provides for the compensation that is the basis for Solo's lawsuit was signed and where the relevant documents are located.[2]

- The individual(s) who negotiated and/or signed the CBA and/or interacted with Solo during her employment and any other witnesses U.S. Soccer may identify or designate either reside in or near Chicago, have an office in Chicago, or routinely travel to Chicago for U.S. Soccer business.

Solo urges this Court to ignore any inconvenience to U.S. Soccer's witnesses because of their status as employees. (Dkt. 35 p. 3). "Even if Defendant's employees' inconvenience may be accorded less weight," however, "that does not mean that their convenience is given no weight." *Thermolife Int'l, LLC v. Vital Pharms., Inc.*, No. 14-2449 RSWL, 2014 WL 12235190, at *5 (C.D. Cal. Aug. 15, 2014). Solo's argument fails to appreciate the significant inconveniences, complications, increased costs, and disruption of work schedules and daily lives for these individuals to participate in proceedings in the Northern District of California, which would require long-distance travel of many hours or days each

---

[2] Solo's statement that "Defendant fails to specify the location of any written documents or electronic databases, thereby failing to show that the ease of access to proof favors transfer to the Northern District of Illinois" is curious given that U.S. Soccer specifically noted in its opening memorandum that it "maintains employment and compensation records for current and former employees [including Solo] at its headquarters, 'U.S. Soccer House,' in Chicago, Illinois." (Dkt. 25 p. 2).

way—whether by plane, car, or other mode. *See In re Funeral Consumers Antitrust Litig.*, 2005 WL 2334362, at *4 (N.D. Cal. Sept. 23, 2005) (Recognizing the "authentic burden" of testifying in a "distant city" when the witnesses "have children to get to school, elderly parents to care for, jobs to do and lives to lead—all which must be managed somehow or put on hold"; "[e]ven where a witness is an employee of a party and will be paid, the disruption is still a hard fact. The expenses of transportation, housing and meals, even if borne by a party, are nonetheless authentic outlays. Among other things, Section 1404(a) prefers a venue where the burden on witnesses will be clearly reduced."). Forcing these witnesses to travel to California to actively participate in proceedings would be much more inconvenient and costly than holding the proceedings in the Northern District of Illinois where they live and work.

In light of the fact that neither Solo nor any identified potential witnesses live in the Northern District of California, U.S. Soccer has its headquarters and principal place of business in Chicago, Illinois, and almost all of the potential witnesses live, work, and/or routinely travel to Chicago, the convenience of witnesses factor weighs strongly in favor of transfer to the Northern District of Illinois.

**III. Conclusion**

Solo does not dispute that she neither lived nor primarily worked in the Northern District of California, and she cannot escape the fact that the Northern District of Illinois is where U.S. Soccer has its headquarters and principal place of business, where the documents and records are stored, and is the most convenient venue for the parties and witnesses. Accordingly, the Court should grant U.S. Soccer's Motion to Transfer Venue and enter an order transferring this case to the Northern District of Illinois.

DATED: January 22, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Ellen E. McLaughlin*
Ellen E. McLaughlin*
Chantelle C. Egan
Cheryl A. Luce*

Attorneys for Defendant
UNITED STATES SOCCER FEDERATION, INC.
*admitted pro hac vice