Timothy W. Moppin (SBN 133363)
Attorney at Law
2015 Junction Avenue
El Cerrito, California 94530
Telephone: (510) 232-0442
timmoppin@aol.com

Richard M. Nichols (SBN 166638)
Attorney at Law
876 Arlene Way
Novato, CA 94947

Attorneys for Plaintiff
HOPE SOLO

SEYFARTH SHAW LLP
Ellen E. McLaughlin (pro hac vice)
emclaughlin@seyfarth.com
Cheryl A. Luce (pro hac vice)
cluce@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

SEYFARTH SHAW LLP
Chantelle C. Egan (SBN 257937)
560 Mission Street, Ste. 3100
San Francisco, CA 94105

Attorneys for Defendant
UNITED STATES SOCCER FEDERATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE SOLO | ) |
| | ) Case Number: C 3:18-cv-05215 |
| Plaintiff, | ) |
| | ) **JOINT CASE MANAGEMENT** |
| vs. | ) **STATEMENT & PROPOSED ORDER** |
| | ) |
| UNITED STATES SOCCER FEDERATION, | ) |
| | ) |
| Defendant. | ) |

Page **1** of **7**

*Form updated May 2018*

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. Jurisdiction & Service

This Court has jurisdiction over this controversy under 28 U.S.C. § 1331 by virtue of the fact that this is a civil action wherein the matter involves the application and interpretation of federal laws. Plaintiff believes that venue is properly laid in this District because she believes that the actions which are the subject of this Complaint, occurred within this District. Defendant believes that the proper venue for this action is the Northern District of Illinois for the convenience of the parties and witnesses and has moved to transfer venue pursuant to 28 U.S.C. § 1404(a). [Dkt. 25.] The only named defendant herein has been served and has appeared.

2. Facts

Plaintiff Hope Solo ("plaintiff") alleges and believes, and defendant United States Soccer Federation, Inc. ("defendant") denies, that plaintiff and similarly situated former and current United States Women's National Soccer Team ("WNT") players have been discriminated against because of sex (female) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Equal Pay Act, 29 U.S.C. § 206(d)(1) ("EPA"). Plaintiff alleges that she has been paid less than the United States Men's National Soccer Team ("MNT") despite the WNT equal or superior performance; the WNT has enjoyed unparalleled success in international soccer, winning three (3) World Cup Titles and (4) Olympic Gold Medals – an accomplishment that no other country on the men's or women's side has reached in World Cup or Olympic competition.

Defendant denies that Plaintiff and other WNT players are paid less for substantially equal work or that Defendant discriminated against Plaintiff on the basis of sex in its compensation practices. The WNT and MNT have separately negotiated collective bargaining agreements ("CBAs"). [Dkt. 29 at 2-3.] The CBAs establish fundamentally different pay structures; under the WNT agreements, core WNT players (including Plaintiff) receive

guaranteed base salaries, medical benefits, injury protection, and other benefits, while the MNT players are paid for appearances a matches under a "pay-for-play" structure if they are called up for rosters that potentially results in no compensation at all for MNT players who fail to make the roster. *Id.* These different pay structures cannot be compared under Title VII or the EPA. Moreover, WNT and MNT players perform work in different establishments and play in different international competitions, which make MNT players unsuitable comparators under either Title VII or the EPA. *Id.* at 7-10. Further, Plaintiff earned more compensation than many MNT players during the relevant period, and to the extent that she earned less than a comparable MNT player, the pay differential is based on the different aggregate revenue from WNT games compared to MNT games (as guaranteed in the pay equity clause contained in the WNT CBA), which is a factor other than sex that affirmatively bars Plaintiff's claim under the EPA or Title VII. *Id.* at 13-15.

3. Legal Issues

The primary legal issues to be determined with respect to Plaintiff's EPA claim are: (1) whether Plaintiff and MNT players worked in the same establishment; (2) whether Plaintiff and MNT players performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; (3) whether Plaintiff was paid less than a comparable MNT player; and (4) whether Defendant can establish any of its affirmative defenses.

The primary legal issue to be determined with respect to Plaintiff's Title VII claim is whether Plaintiff failed to exhaust her administrative remedies.

4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

Defendant moved to transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) because it is a more convenient venue for the parties and the witnesses. [Dkt. 25.] Defendant also moved to dismiss the Complaint pursuant to Fed. R. Civ. 12(b)(6) because it fails to state a claim upon which relief may be granted. [Dkt. 29.] Both motions are fully briefed and scheduled for hearing on February 21, 2019 at 3:00 p.m.

*Form updated May 2018*

5. Amendment of Pleadings

The parties have not determined whether any amendment of the pleadings is necessary at this time. The parties stipulate that any amendment of the pleadings must be made with fourteen (14) days after the date of the Court's ruling on the defendant's motion to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6).

6. Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures

There have been no disclosures to date. The parties have agreed to comply with the initial disclosure requirements of Fed. R. Civ. P. 26 within fourteen (14) days after the date of the Court's ruling on the defendant's motion to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6).

8. Discovery

There has been no discovery taken to date. The parties proposed that fact and percipient witness discovery be closed on January 31, 2020. The parties also propose a limitation of forty (40) request for admissions per party, and leave of court will be required to exceed that limitation. There are no discovery disputes anticipated at this time.

9. Class Actions

Not applicable.

10. Related Cases

Other than the charge filed with the Equal Opportunity Employment Commission on March 30, 2016, there are no related cases or proceedings pending at this time.

11. Relief

Plaintiff is seeking monetary relief in an amount that is not yet determined, but that will proven at trial.

12. Settlement and ADR

Plaintiff prefers that parties attempt to resolve this matter through private mediation and proposes that the parties complete mediation before January 31, 2020. Defendant prefers that the parties attempt to resolve this matter through court-sponsored mediation from the Court's panel of voluntary mediators but likewise proposes that the parties complete mediation before January 31, 2020.

13. Consent to Magistrate Judge For All Purposes

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.     ____ YES     ___x_ NO

14. Other References

Not applicable.

15. Narrowing of Issues

Unknown at present.

16. Expedited Trial Procedure

Not applicable.

17. Scheduling

Completion of initial ADR session – January 31, 2020;

Designation of experts - Plaintiff to designate experts by October 11, 2019 with Plaintiff's expert report due on November 11, 2019; Defendant to designate experts by November 22, 2019 with Defendant's expert report due on December 22, 2019.

Discovery cut-off – January 31, 2020;

Hearing of dispositive motions, pretrial conference and trial – TBD.

*Form updated May 2018*

18. Trial

The parties anticipate that this will be a seven (7) to ten (10) day jury trial.

19. Disclosure of Non-party Interested Entities or Persons

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: February 14, 2019      *s/ Timothy Moppin*

Counsel for Plaintiff

Dated: February 14, 2019      *s/ Cheryl A. Luce*

Counsel for Defendant

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated May 2018*

ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Cheryl A. Luce, attest that concurrence in the filing of this Joint Case Management Statement has been obtained from the signatory Timothy Moppin, Plaintiffs' counsel.

Executed this 14th day of February in Chicago, Illinois.

                                              By:         */s/ Cheryl A. Luce*
                                                      Cheryl A. Luce

*Form updated May 2018*