SEYFARTH SHAW LLP
Ellen E. McLaughlin (IL 6181045) (*admitted pro hac vice*)
emclaughlin@seyfarth.com
Cheryl A. Luce (IL 6313386) (*admitted pro hac vice*)
cluce@seyfarth.com
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

SEYFARTH SHAW LLP
Chantelle C. Egan (SBN 257938)
cegan@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
UNITED STATES SOCCER FEDERATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOPE SOLO,

Plaintiff,

v.

UNITED STATES SOCCER FEDERATION,

Defendant.

Case No. 3:18-cv-05215 JD

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING PANEL DECISION ON MULTIDISTRICT LITIGATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: May 2, 2019
Time: 10:00 a.m.
Dept.: Courtroom 11
Judge: Hon. James Donato

Complaint Filed: August 24, 2018

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 2, 2019 at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 11 of the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, 94102, Defendant UNITED STATES SOCCER FEDERATION, INC. ("Defendant" or "U.S. Soccer") will and hereby moves for an order staying these proceedings pending the decision by the Panel on Multidistrict Litigation.

This Motion is brought pursuant to the Court's inherent power to control the disposition of the causes on its docket and asks the Court to stay all proceedings in this case until resolution by the Judicial Panel on Multidistrict Litigation for Transfer of Actions to the Central District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings. A stay is warranted to promote judicial efficiency and economy and to prevent prejudice to the parties.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and any other related documents filed in connection with this Motion, the papers and records on file in this action, and such other written and oral argument as may be presented to the Court.

DATED: March 25, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Cheryl A. Luce*
Ellen E. McLaughlin*
Chantelle C. Egan
Cheryl A. Luce*

Attorneys for Defendant
UNITED STATES SOCCER FEDERATION, INC.
**admitted pro hac vice*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant United States Soccer Federation, Inc. ("U.S. Soccer") respectfully submits this motion to stay all proceedings in this case until resolution and decision by the Judicial Panel on Multidistrict Litigation ("JPML") on the pending Motion for Transfer of Actions to the Central District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings ("Motion to Transfer Actions") filed by other members of the U.S. Women's National Team. (Dkt. 45.) The Motion to Transfer asks the JPML to enter an order consolidating this case with a later-filed case, *Morgan v. United States Soccer Federation, Inc.*, 2:19-cv-01717-RGK-AGR ("*Morgan v. U.S. Soccer*") and to transfer this action to the Central District of California. On March 8, 2019, the JPML entered an order directing the parties to submit further briefing on whether this case should be consolidated with *Morgan v. U.S. Soccer* and transferred to the Central District of California. (MDL No. 2890, Dkt. 2.) The JMPL's resolution of the Motion to Transfer Actions will determine whether this lawsuit should remain pending as a single action in this Court, whether it will be consolidated with *Morgan v. U.S. Soccer*, and if so, whether the consolidated multidistrict litigation should remain before this Court or be transferred to another district court. Granting a temporary stay in this case would ensure uniformity of decisions and avoid unnecessary duplicative pretrial proceedings.

## II. BACKGROUND

On August 24, 2018, Hope Solo ("Solo"), a former player for the U.S. Women's National Team ("WNT") filed the lawsuit now pending before this Court against U.S. Soccer in the Northern District of California alleging violations of the Equal Pay Act, 29 U.S.C. § 206(d), ("EPA") and Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.* ("Title VII"). Solo's claims stem from her allegations that U.S. Soccer paid members of the U.S. Men's National Team ("MNT") more for substantially equal work, and that the pay differential was the result of sex discrimination. (Dkt. 1.) U.S. Soccer moved to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and also moved to transfer the action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). (Dkt. 25 and 29.)

On March 8, 2019, 28 current players of the WNT filed an action alleging similar violations of the EPA and Title VII in the Central District of California. (*Morgan v. U.S. Soccer*, Dkt. 1.) Plaintiffs in the *Morgan v. U.S. Soccer* action then filed a Motion to Transfer Actions with the JMPL asking the Panel to consolidate *Morgan v. U.S. Soccer* with this action and (even though the *Morgan* action was filed later) transfer this case to the Central District of California. (*Morgan v. U.S. Soccer*, Dkt. 9.) The JPML ordered the parties to submit further briefing on the issue of whether this action should be consolidated with *Morgan v. U.S. Soccer* and transferred to the Central District of California. (MDL No. 2890, Dkt. 2.) Defendant will oppose the *Morgan v. U.S. Soccer* Plaintiffs' Motion to Transfer Actions and is preparing its response to be filed with the JPML. Defendant's response will, in part, ask that the JMPL transfer *Morgan v. U.S. Soccer* to the first-filed action pending in this Court.

## III. ARGUMENT

Under the Multidistrict Litigation Act, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The Court has broad discretion to stay this proceeding pending the JPML's determination of whether this case and the *Morgan* case are appropriate for multi-district litigation and if so, where the venue should be. *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). The Court should exercise its discretion by entering a temporary stay of these proceedings pending the JMPL decision on whether this case and *Morgan v. U.S. Soccer* are appropriate for multidistrict litigation and, if so, what venue is appropriate for the consolidated action. Such a stay would promote judicial efficiency, avoid duplicative or conflicting pretrial orders, and prevent prejudice to the parties.

Courts in this District routinely grant temporary stays pending decisions by the JPML on motions to transfer venue pursuant to 28 U.S.C. § 1407(a). *See, e.g., Pamintuan v. Bristol-Myers Squibb Co.*, No. 16-CV-00254-HSG, 2016 WL 4319844, at *2 (N.D. Cal. July 14, 2016) (granting motion to stay pending decision by JPML); *Silverthorn v. Lumber Liquidators, Inc.*, No. 15-cv-1428, 2015 WL 2356785, at *7 (N.D. Cal. May 15, 2015) (same); *Sobera v. DePuy Othopaedics, Inc.*, No. 14-cv-979,

2014 WL 1653077, at *3 (N.D. Cal. Apr. 24, 2014) (same); *see also Rivers v. The Walt Disney Company*, 980 F. Supp. 1358, 1360-62 (C.D. Ca.1997) (noting that “a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved”). When ruling on a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers*, 980 F. Supp. at 1361. All three factors weigh in favor of staying this matter.

First, Plaintiff will not be prejudiced by a short stay pending the JPML’s decision. This action is already subject to a stay pursuant to the Court’s February 21, 2019 Order pending the Court’s ruling on Defendant’s motion to transfer venue. (Dkt. 44.) Extending the stay until the JMPL issues a decision will not pose any significant delay or hardship on Plaintiff.

Second, the parties will be prejudiced if they must manage pretrial matters in this case pending the outcome of the JPML proceedings because this Court’s pretrial orders may not ultimately be binding on the Court that presides over this case, as determined by the JPML’s decision. The parties will thus expend additional resources on potentially duplicative litigation efforts in the event that a stay is not granted. *See Stark v. Pfizer*, No. 14-cv-1488, 2014 WL 2938445, at *2 (N.D. Cal. June 27, 2014) (“The potential prejudice to Plaintiff that could result from a stay is minimal, as the JPML’s decision is likely to be issued shortly. On the other hand, Defendant would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed.”).

Finally, a stay of these proceedings furthers judicial economy and eliminates the potential for conflicting pretrial rulings. The JPML’s decision will affect which district court presides over this case, and this Court will not waste resources on pretrial proceedings and the determination of issues related to law and fact in a case that may ultimately be transferred to another Court or encompass a different scope in the event that *Morgan v. U.S. Soccer* is transferred to this Court. *Rivers*, 980 F. Supp. at 1358 (granting stay to avoid causing court to “have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge”).

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully moves this Court for a temporary stay of all proceedings in this case pending a decision by the JPML on the this matter and the *Morgan v. U.S. Soccer* matter.

DATED: March 25, 2019

Respectfully Submitted,

SEYFARTH SHAW LLP

By: */s/ Ellen E. McLaughlin*
Ellen E. McLaughlin*
Chantelle C. Egan
Cheryl A. Luce*

Attorneys for Defendant
UNITED STATES SOCCER FEDERATION
**admitted pro hac vice*