UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: UNITED STATES SOCCER FEDERATION
PAY DISCRIMINATION LITIGATION    MDL No. 2890


ORDER DENYING TRANSFER


**Before the Panel:** Plaintiffs in the Central District of California action move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Central District of California. This litigation consists of two actions pending in the Central District of California and the Northern District of California, as listed on Schedule A. Common defendant United States Soccer Federation, Inc. (U.S. Soccer), and plaintiff in the Northern District of California action oppose centralization. If the Panel deems centralization appropriate, defendant suggests centralization in the Northern District of Illinois, and plaintiff in the Northern District of California action expressed support for both the Northern District of California and the Central District of California.

On the basis of the papers filed and the hearing held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. These actions share factual issues arising from allegations that U.S. Soccer has discriminated against players on its U.S. Women's national soccer team on the basis of gender. But only two actions are pending in two adjacent districts, and we find movants have failed to meet their burden of demonstrating the need for centralization. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization").

We have held that "where a reasonable prospect exists that resolution of Section 1404 motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to centralization." *In re: Gerber Probiotic Prods. Mktg. and Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012). Here, there are two pending or suggested pretrial motions that could eliminate the need for Section 1407 centralization. Defendant's motion to transfer the Central District of California action to the Northern District of California under the first-to-file rule is pending. And at oral argument, counsel for the Northern District of California plaintiff represented that she would stipulate to transfer under 28 U.S.C. § 1404 to the Central District of California.

Finally, the Panel has held that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy, Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Even if these actions are not transferred to the same district under Section 1404 or the first-to-file rule, this litigation involves only two actions in two districts. Informal coordination among the relatively few involved attorneys

-2-

and coordination between the involved courts to prevent duplicative proceedings and inconsistent rulings, therefore, are practical alternatives to centralization.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |
| Karen K. Caldwell | Nathaniel M. Gorton |

**IN RE: UNITED STATES SOCCER FEDERATION
PAY DISCRIMINATION LITIGATION**         MDL No. 2890

## SCHEDULE A

<u>Central District of California</u>

MORGAN, ET AL. v. UNITED STATES SOCCER FEDERATION, INC., C.A. No. 2:19-01717

<u>Northern District of California</u>

SOLO v. UNITED STATES SOCCER FEDERATION, C.A. No. 3:18-05215