Timothy W. Moppin, SBN 133363
Attorney at Law
2015 Junction Avenue
El Cerrito, California 94530
Telephone:  (510) 232-0442
E-Mail: timmoppin@aol.com

Richard M. Nichols SBN 166638
Attorney at Law
876 Arlene Way
Novato, CA 94947
Telephone:415-314-0066
E-Mail: Rnicholspc@gmail.com

Attorneys for Plaintiff
HOPE SOLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE SOLO, | Case No.: 3:18-cv-05215 JD |
| Plaintiff, | **MOTION FOR ADMINISTRATIVE RELIEF** |
| v. | |
| UNITED STATES SOCCER FEDERATION, | |
| Defendants. | |

Pursuant to United States District Court, Northern District of California, Civil Local Rules ("Civil Local Rules"), Rule 7-11, plaintiff Hope Solo ("Solo"), by and through her counsel of record, files this Motion for Administrative Relief ("Motion") seeking an order from this Court under Civil Local Rules, Rule 16-8 (d)(2) referring this case to the impendent mediation in the action *Alex Morgan et al v. United States Soccer Federation,* Case No. 2:19-cv-01717-RGK-AGR, which as the Court is aware is a case involving similar claims and issues and which is currently pending in the United States District Court Central District of California.

//

//

MOTION FOR ADMINISTRATIVE RELIEF

– 1 –

## INTRODUCTION AND FACTUAL BACKGROUND

On June 7, 2019, the Honorable Judge Donato issued an Order (Dkt. 49, "June 7, 2019 Order") which, "[I]n light of the resolution of the JPML proceedings", lifted the stay in this proceeding and denied Defendants' motion to transfer (Dkt. 25) on convenience grounds. The parties were directed to "submit a joint proposed scheduling order and to confer on ways to streamline discovery and *other pretrial proceedings* with respect to other cases that might raise similar claims and issues" [Emphasis added.] (Dkt. 49). To date, Solo's efforts to proceed in an efficient and cooperative manner have been met with delay, silence, and in part, rejection. Thus, Plaintiff is compelled to present this Motion to preserve and protect her rights.

## DISCUSSION

**I. Solo's Claims For Equal Pay Will Be Compromised If Solo Is Excluded From Participation In The Mediation To Advocate For The Goals Of Both Cases: Equal Pay.**

During collective bargaining negotiations in or about 2004, 2012 and 2016, the USWNT succumbed to the extreme pressure, intimidation, fear of job loss and spots on the Olympic and World Cup teams, thrust upon them by the United States Soccer Federation ("USSF"), if the USWNT Players refused to abandon their demands for Equal Pay. Each time the USWNT -- understandably— in exchange for a steady and unequal paycheck equivalent to compensation that was up to 75% less than the compensation paid to the US Men's National Soccer Team, backed-down, kept their jobs, took the unequal compensation, and forfeited the prospects for Equal Pay.

In August 2018, Solo filed her lawsuit against the USSF alleging violations of the Equal Pay Act and Title VII. Eight months later in March 2019, adding a class allegation, the USWNT followed Solo's lead and courageously sued the USSF alleging identical claims. However, incredulously, within two weeks of suing the USSF, the USWNT reached out to the USSF seeking a meeting with the USSF President, to as described in USWNT's Megan Rapinoe's public statements, "collaborate" and have a "conversation" about the lawsuit. Predictably, the USWNT's repeated requests to meet were rebuffed by the President of the

USSF.

Finally, on or about June 21st., during the World Cup tournament, the USWNT and the USSF announced that they had agreed to engage in pretrial proceedings Mediation after the conclusion of the World Cup competition. Thus, given the USWNT's history, agreeing to mediation is a clear indication that the Team is poised to, once again, accede to the USSF's intimidation and fear tactics, and "surrender" on their demands for equal pay.

Hope Solo understands and empathizes with the Players on the USWNT. Threats of job loss are very real. To silence Solo and her persistent push for Equal Pay, the USSF fired Solo in August 2016. The USSF had sent a message -- that if the Federation will fire the world's best goalkeeper in Hope Solo to thwart the USWNT's push for Equal Pay, then every player is vulnerable.

Importantly, Hope Solo is no longer encumbered by the USSF. Unlike her former USWNT teammates, her livelihood is not in any way dependent on a relationship with the USSF. Thus, Solo is free to persist and pursue their mutual Equal Pay objectives in the Mediation without fear of USSF retribution or retaliation. Accordingly, Solo should be allowed to fearlessly participate in the Mediation and or any settlement negotiations.

Accordingly, Plaintiff Solo, respectfully requests this Court to order the parties to confer regarding any potential Mediation and compel the Defendant and related, similar case party(s) in *Morgan, et al. v. USSF* to include Plaintiff Solo as a participant in the pretrial proceeding of Mediation. Ordering the parties in this litigation to confer regarding any potential Mediation and compelling the parties to participate in the pretrial proceeding of Mediation would promote judicial economy, avoid any undue prejudice and irreparable harm to Plaintiff Solo, as well as permit the parties to fully comply with the Court's June 7, 2019 Order.

//

MOTION FOR ADMINISTRATIVE RELIEF

− 3 −

1  //

2  //

**II. To Avoid Any Undue Prejudice And Irreparable Harm To Plaintiff Solo As A Result Of The Exclusion Of Solo's Claims From Defendants' Insurer "Reserve Amount", and or Insurer's Mandated "Global Settlement" Of Related, Similar Claims, Defendant Should Be Compelled to Confer With And Allow Solo To Participate In The Pretrial Proceeding Mediation In The Related, Similar Case Morgan, et.al. v. United States Soccer Federation.**

As stated above herein, Defendant's counsel has confirmed that there are ongoing discussions regarding the scheduling of a pretrial Mediation in the related, similar case, *Morgan et al v USSF*.

Defendant's indemnifier (e.g. – Defendant's insurance carrier) is bound by rights and obligations to Defendant in relation to the "eight-corners" rule - defined as the duty to defend Defendants based upon the four-corners of the pleadings as well as the four-corners of the policy language. Defendant's indemnifier also has the duty to indemnify Defendant, which is a completely independent duty to Defendant.

Insurance policies have aggregate policy limits which determine the maximum amount ("policy limit") which the indemnifier is contractually obligated to pay on a covered claim or claims. Within the policy limit, a "reserve amount" is the amount which an indemnifier has allocated for settlement of a particular claim or claims.

Both the duty to defend and the duty to indemnify Defendant, as well as the "policy limit" and the "reserve amount", impact Plaintiff in that they are determinative of the amount of funds available to settle or resolve a claim or claims. More specifically, insurance policies are often "diminishing", meaning that the costs of defense are deducted from the amount of the policy limit or reserve amount allocated for settlement of a particular claim.

Plaintiff Solo's claims and issues before this Court are the same or similar to the claims and issues before the Court in *Morgan et al v. USSF.* Importantly, Solo was the *first to file* her claims. Consequently, and in compliance with the Court's June 7, 2019 Order, the parties in

MOTION FOR ADMINISTRATIVE RELIEF

-4-

*Solo v. USSF* should confer on discovery and pretrial proceedings. Mediation is a pretrial proceeding that often results in the streamlining of discovery issues common to both cases, as well as the potential settlement of the claims mediated. Notably, Defendants' insurer could demand waivers, releases of claims, or a "global settlement" of all related and similar actions and claims (e.g. Solo's Claims) emanate from this Mediation, a pretrial proceeding in which at this juncture, Plaintiff Solo is excluded.

Accordingly, given the (i) prospective depletion of the Defendant insurers "Reserve Amount" (ii) possible waivers of rights, or invocation of a global settlement requirement, and (iii) potential coordination of discovery issues and other procedural matters during the mediation process, exclusion of Plaintiff Solo from a pretrial proceedings Mediation would result in undue prejudice and irreparable harm to Plaintiff Solo.

Further, exclusion of Plaintiff Solo from the mediation will unduly prejudice and irreparably harm Plaintiff Solo's rights and ability to independently engage in meaningful settlement negotiations with Defendant.

## CONCLUSION

Based on the above, Plaintiff Solo requests that this Court issue an order referring this case to the impendent mediation in the action *Alex Morgan et al v. United States Soccer Federation,* Case No. 2:19-cv-01717-RGK-AGR, which as the Court is aware is a case involving similar claims and issues and which is currently pending in the United States District Court Central District of California.

Respectfully Submitted,

DATED: July 22, 2019

BY: _____
TIMOTHY W. MOPPIN, ESQ.
Attorneys for Plaintiff
HOPE SOLO

MOTION FOR ADMINISTRATIVE RELIEF

– 5 –