Timothy W. Moppin, SBN 133363
Attorney at Law
2015 Junction Avenue
El Cerrito, California 94530
Telephone: (510) 232-0442
timmoppin@aol.com

Richard M. Nichols SBN 166638
Attorney at Law
876 Arlene Way
Novato, CA 94947
Telephone: (415)-314-0066
E-Mail: Rnicholspc@gmail.com

Attorneys for Plaintiff
HOPE SOLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE SOLO,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES SOCCER FEDERATION,<br><br>　　　　　　　Defendants. | Case No.: 3:18-cv-05215 JD<br><br>**DECLARATION OF RICHARD M. NICHOLS IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF** |

I, Richard M. Nichols, declare as follows:

1. I am an attorney at law and duly admitted to practice before all courts of the State of California, and the attorney of record herein for Plaintiff Hope Solo ("Plaintiff" or "Solo"). I make this declaration in support of the Motion For Administrative Relief" (Motion") filed herein by Plaintiff Solo. The facts stated herein are true and correct and are of my personal knowledge, and, if called as a witness, I could and would testify competently thereto.

2. On August 24, 2018, Hope Solo was first to file a lawsuit against the United States Soccer Federation ("Defendant" or "USSF") alleging violations of the Equal Pay Act and Title VII.

3. On or about June 20, 2019, shortly after the commencement of the Women's World Cup Championship tournament, worldwide media reported that the United States Soccer Federation and the United States Women's National Soccer Team had agreed to engage in

mediation ("Mediation") of the case *Alex Morgan et al. vs. United States Soccer Federation, Case No. 2:19-cv-01717-RGK-AGR,* filed on March 8, 2019 in which the USWNT alleges that the USSF violated the Equal Pay Act and Title VII.

4. The USSF has engaged the same Counsel to defend that organization in both cases.

5. Knowing that a Mediation was being scheduled in the *Morgan* case, on June 20, 2019, I emailed USSF's Counsel to inquire as to when they would like to meet and confer. *See* "June 20, 2019 Email – 1 page" attached hereto as "Exhibit A" and fully incorporated by reference herein. USSF's Counsel responded that since their Motion to Transfer the related similar *Morgan* case from the Central District of California to the Northern District of California would not be decided before the scheduled July 1, 2019 hearing on the matter, that they preferred to wait until Judge Klausner ruled on that Motion to Transfer. Notably, despite Judge Donato's Order of June 7, 2019 directing counsel in the Solo matter to confer and coordinate on all pretrial proceedings matters including, but not limited to discovery in the Solo and related similar cases, in her response to my meet and confer inquiry, USSF's Counsel was "silent" and did not voluntarily confirm or provide any information with regard to the pending Mediation of the related, similar *Morgan et al v. USSF* case.

6. On July 1, 2019, again, pursuant to Judge Donato's June 7th Order requiring meeting, conferring, and coordination with related similar cases, via email, I independently contacted Jeffrey Kessler via email, lead counsel for Plaintiff *Morgan et al v. USSF*. I inquired as to when he'd be available to talk about our respective related cases. He responded via email that he was on vacation in London, but noted he'd be back in his New York offices on Monday, July 8th and intimated that he would contact me at that time. Notably, Mr. Kessler made no mention of a pending Mediation of the *Morgan et al v. USSF* case.

7. By July 14, 2019, I had not been contacted by Mr. Kessler. Accordingly, I emailed him to inquire as to whether or not the Mediation with the USSF had been scheduled. Mr. Kessler responded indicating that: "*I am sorry but we can't share any details about the mediation at the moment...*". Not only did Mr. Kessler's response not inform us whether or not a Mediation has been scheduled, it implies that the Mediation is already in progress; and, more importantly, Mr. Kessler notes that he "*...can't share any details about the mediation*".

8. Upon receipt of Mr. Kessler's email, in the early evening of that same day July 14th, I emailed USSF's Counsel Ellen McLaughlin in which I inquired as to whether or not a Mediation in the *Morgan et al v. USSF* case had been scheduled or commenced. By late morning July 15th, I had not received a response from Ms. McLaughlin. Accordingly, I re-sent

my July 14th email. By early afternoon Central time on July 15th, at 2:36PM, Ms. McLaughlin responded confirming receipt of my email coupled with the following response to my simple inquiry about whether or not a Mediation was scheduled and or had commenced:

*"Just getting back from vacation. Received and I will respond later"*. I wondered why she could not immediately respond "Yes" or "No" to my basic questions about the Mediation. Finally, at 4:36 Central Time, Ms. McLaughlin responded as follows:

*"As reported in the press, we are mediating the Morgan case but have no date set."*

See "July 2019 Emails – 17 pages" attached hereto as "Exhibit B" and fully incorporated by reference herein.

9. Given the foregoing facts and circumstances, and absent prodding from Solo's counsel and seemingly in direct contravention to Judge Donato's Order, the inability for USSF and Morgan's Counsel to be forthcoming and transparent about the (i) Plaintiffs *Morgan et al*, and Defendant USSF's agreement to Mediate (we found out via media reports), and the inability and unwillingness to be forthcoming about (ii) potential pretrial Settlement negotiations masked as a "not yet scheduled" Mediation as intimated in Mr. Kessler's inability to *"…share details about the Mediation at this time"*, —and (iii) the fact that it took USSF's Counsel almost twenty-four hours to respond to my basic question in which I merely inquired about whether or not a Mediation had been scheduled and or commenced,— leads Solo's Counsel to believe that the claims in the related similar case (*Morgan et al v. vs. USSF*) are in the process of being settled with those parties, and that the USSF and Morgan are actively and deliberately excluding Solo, the "first to file", from the settlement process of these almost identical claims - to Solo's prospective undue prejudice and irreparable harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22 day of July 2019, at Kelly, TX.

_____
Richard M. Nichols

DECLARATION OF RICHARD M. NICHOLS IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF
- 3 -