SEYFARTH SHAW LLP
Ellen E. McLaughlin (IL 6181045) (*admitted pro hac vice*)
emclaughlin@seyfarth.com
Cheryl A. Luce (IL 6313386) (*admitted pro hac vice*)
cluce@seyfarth.com
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

SEYFARTH SHAW LLP
Chantelle C. Egan (SBN 257937)
560 Mission Street, Ste. 3100
San Francisco, CA 94105
Telephone:     (415) 397-2823
Facsimile:     (415) 397-8549

Attorneys for Defendant
UNITED STATES SOCCER FEDERATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HOPE SOLO, | Case No. 3:18-cv-05215 JD |
|---|---|
| Plaintiff, | **DEFENDANT UNITED STATES SOCCER FEDERATION, INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF** |
| v. | |
| UNITED STATES SOCCER FEDERATION, | |
| Defendant. | Complaint Filed: August 24, 2018 |

Defendant United States Soccer Federation, Inc. ("U.S. Soccer") submits this Response to the Motion for Administrative Relief filed by Plaintiff Hope Solo ("Solo"). U.S. Soccer does not oppose mediating with Solo individually. Indeed, U.S. Soccer and Solo already agreed to pursue either private mediation or a settlement conference to resolve this case. (Dkt. 42 at 5.) But U.S. Soccer's agreement to mediate with Solo has nothing to do with U.S. Soccer's agreement to mediate with the plaintiffs who are members of the U.S. Women's National Team (USWNT) in the *Morgan et al. v. United States Soccer Federation*, Case No. 2:19-cv-0717-RGK-AGR, an entirely different case currently pending in the Central District of California. Solo is not a party to the *Morgan* case, and the *Morgan* plaintiffs are not parties to this case.[1] Solo's motion is unnecessary, procedurally improper, and should be denied.

### A.  U.S. Soccer Already Agreed to Mediate With Solo Individually

On February 14, 2019, Solo and U.S. Soccer submitted a Joint Case Management Statement memorializing their intent to mediate this case no later than January 2020. (Dkt. 42.) U.S. Soccer remains willing to participate in mediation with Solo. Solo filed this Motion for an order compelling mediation without asking U.S. Soccer to schedule mediation with her or to participate in the mediation of the *Morgan* case. *See* Declaration of Richard M. Nichols, Exs. A-B (Dkt. 53-1, 53-2, 54). Solo thus failed to seek a stipulation in advance of filing her motion, as required Local Rule 7-11(a). Even if she had inquired with U.S. Soccer about participating in the *Morgan* settlement, U.S. Soccer would have advised her that she would solely be participating in the *Morgan* mediation as putative class member with the consent of the *Morgan* named plaintiffs.

### B.  Solo Can Only Mediate With the *Morgan* Plaintiffs With Their Consent

Solo's motion asks the Court to order the non-party *Morgan* plaintiffs to mediate their claims jointly with Solo's case. U.S. Soccer is unaware of any authority (nor does Solo cite any) that would permit the Court to order non-parties to this action to mediate with Solo. The Court lacks the jurisdiction necessary to order non-parties who have not voluntarily appeared in this case and who have not been served with any request to join them with this case from mediating with Solo. *Beecher v. Wallace*, 381

---

[1] To be clear, U.S. Soccer previously moved to transfer the *Morgan* case to this district to enable consolidation, but that motion was denied by the Central District. Nor has Solo has been willing to consolidate the instant case with the *Morgan* case in the Central District. Accordingly, the respective Plaintiffs in the two cases appear to prefer to keep the cases separate.

F.2d 372, 373 (9th Cir.1967) (in the absence of a voluntary appearance or a conscious waiver, service of process is an indispensable prerequisite to the court's jurisdiction to proceed); *Liao v. Ashcroft*, 2009 WL 636191, at *3 (N.D. Cal. March 11, 2009) (court lacked authority to enter order compelling action of non-parties). The *Morgan* plaintiffs have not consented to jointly mediating their claims with Solo. To the extent she wishes to participate as a putative class and collective action member of the *Morgan* action, her participation in mediation must be through the individuals selected by the *Morgan* plaintiffs.

### C. The Court's June 7, 2019 Order Does Not Require Consolidated Mediation of the *Solo* and *Morgan* Cases

Finally, Solo's argument that the Court's June 7, 2019 order directed the parties to jointly mediate this case with the *Morgan* case should be rejected. The Court ordered the parties to confer regarding ways to streamline discovery and pretrial proceedings with respect to the *Morgan* case for the sake of the efficient, just, and speedy resolution of this matter. (Dkt. 48.) The Court's order does not reference global mediation in any way. U.S. Soccer remains willing to mediate with Solo individually, but nothing in the Court's June 7, 2019 Order or the Federal Rules of Civil Procedure would require or even permit an order for U.S. Soccer and the *Morgan* plaintiffs to mediate jointly with Solo.

### D. Conclusion

U.S. Soccer never objected to mediating with Solo and remains willing to do so. However, her request that the Court order the *Morgan* plaintiffs to mediate jointly with her is improper. Accordingly, Solo's motion should be denied.[2]

---

[2] If the Court orders the parties to the *Morgan* litigation to include Solo in their meditation, it is U.S. Soccer's position that, at a minimum, Solo and her representatives be required, as a condition precedent, to enter into the same confidentiality agreement concerning the *Morgan* mediation already entered between U.S. Soccer and the *Morgan* plaintiffs.

| | |
|---|---|
| DATED: July 26, 2019 | Respectfully submitted, |
| | SEYFARTH SHAW LLP |

By:____*/s/ Ellen E. McLaughlin*_____
    Chantelle C. Egan
    Ellen E. McLaughlin
    (pro hac vice admission anticipated)
    Cheryl A. Luce
    (pro hac vice admission anticipated)

    Attorneys for Defendant
    UNITED STATES SOCCER
    FEDERATION, INC.