Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
WINSTON & STRAWN LLP
101 California St., 35th Floor
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Non-Parties Alex Morgan, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE SOLO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES SOCCER FEDERATION,<br><br>　　　　Defendant. | Case No. 3:18-cv-05215-JD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF** |

## I.     INTRODUCTION

Plaintiffs in the *Morgan et al. v. USSF* action, Case No. 2:19-cv-01717-RGK-AGR, must respectfully oppose Hope Solo's motion for an order compelling her inclusion in a mediation of the *Morgan* Plaintiffs' class action against USSF, which is pending in the Central District of California, not this Court.  While Plaintiffs understand the interests of Solo in their class litigation, Solo is not a putative class representative, has declared her intention to pursue her own cause of action and opt out of any class, and thus has no proper role in seeking to negotiate a settlement on behalf of a putative class which she does not represent and does not wish to join.  Moreover, because the *Morgan* class action is being presided over by the Court in the Central District of California, this Court, which is only presiding over Solo's individual claim, is not the proper forum to consider any motion to participate in a mediation of the *Morgan* action.

Solo's only cited basis for her motion, N.D. Cal. Local Rule 16-8(d)(2), allows this Court to order parties *in cases before it* to engage in mediation.  It in no way contemplates or authorizes a court in this district to compel parties in a different action, pending in another district, to include a putative absent class member who has already expressed an intent not to participate as a member of that class.  Judicial oversight of mediation of the claims in the *Morgan* class action is the sole province of Judge Klausner in the Central District of California.

Further, the mediation will not prejudice Solo's case in any way, as she retains the right under Rule 23 to opt out of any Federal Rule of Civil Procedure 23(b)(3) class settlement, a right that she already has indicated she intends to exercise in opposing consolidation of the actions.  *See* Federal Rule of Civil Procedure ("FRCP") 23(c)(2)(B); MDL No. 2890, Dkt. 14, Solo Opposition to Centralization.  No class will have the authority to release or diminish Solo's individual back-pay claims in any way if she opts out of any class that is certified.  Alternatively, she would have the right to file objections to any class settlement, if one were reached, before Judge Klausner, who must approve any class settlement as being in the best interests of the class.  Absent putative class members such as Solo, however, do not have the right to seek to represent the class or manage the class action litigation.

Finally, it is regrettable that Solo has chosen to challenge the fortitude of the *Morgan*

Plaintiffs to adequately represent the class. The *Morgan* Plaintiffs are all World Champions who have proven that they bow down to no one and are relentless advocates of equal pay. They would only propose a class settlement if they believed it achieved their equal pay objectives under the law and was in the best interests of the class, a determination that would then have to be approved by Judge Klausner for any settlement to go into effect. With all due respect, they do not require Solo's assistance to achieve these objectives.

## II. DISCUSSION

### A. This Court Is Not the Proper Forum for Solo's Request.

Solo asks this Court to take the extraordinary step of invading another Judge's case management, in a different district, to order parties in a completely separate case to include in their mediation a non-party who wishes to conduct class action settlement negotiations for a putative class that she does not seek to represent. She offers no authority to advocate this course of action, which would violate established principles of judicial authority and comity. *See California ex rel. Lockyer v. U.S. Dep't of Agriculture*, 710 F. Supp. 2d 916, 921 (N.D. Cal. 2008) (citing *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)) ("The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs."). The local rule Solo cites—the only authority referenced in her motion—governs ADR procedures *in the Northern District of California for cases before the courts of this district*. *See* L.R. 16-8. It does not, as Solo advocates, sanction expansive exercise of judicial power to interfere with ongoing ADR processes in cases properly before another federal court. It would, of course, be proper for this Court to order the mediation of Solo's individual claims against the USSF, which are before it. But the class claims in *Morgan* are exclusively within the jurisdiction of Judge Klausner, who has the exclusive authority to control case management in the *Morgan* action. This Court should deny Solo's motion to intervene in the mediation of the separate *Morgan* action on this basis alone.

### B. FRCP Rule 23 Does Not Give an Absent Class Member, Like Solo, the Authority to Represent the Class in Settlement Negotiations, and Its Opt-Out Provisions Protect Solo's Individual Interests.

Solo's claim that members of the USWNT will not have the strength and fortitude to resist "intimidation and fear tactics" and protect the interests of the putative class is regrettable and has no basis in fact. These are champion women who have shown the world their determination and courage over and over again. They will not be intimidated, and they would only agree to a class settlement that vindicated their equal pay objectives as required by the law. But the issue of their adequacy as class representatives will be determined by Judge Klausner, not this Court.

Rule 23 does not provide for a putative absent class member, like Solo, to seek to represent the putative class in any settlement negotiations or mediation. To the contrary, it is the putative class representatives in *Morgan* who are charged with that responsibility, along with class counsel, all of whom must be approved by the presiding Judge before any class can be certified. Further, any class settlement must ultimately be approved by the Court, as being "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2).

The protections for an absent class member, like Solo, are set forth in Rule 23. First, she may opt out of any Rule 23(b)(3) damages class that is certified and pursue her claim for back pay or other damages on her own. *See* Fed. R. Civ. P. 23(c)(2). Indeed, Solo has already indicated, in opposing consolidation of her case with the *Morgan* class action, that she intends to pursue her past damages claims separately. *See* MDL No. 2890, Dkt. 14, Solo Opposition to Centralization. Second, Rule 23 requires that the class be given notice of and the opportunity to object to any class settlement before the Court determines whether to approve it. *See* Fed. R. Civ. P. 23(e)(1); Fed. R. Civ. P. 23(e)(5). Solo may, if she chooses, present any objections she has to any class settlement that is reached pursuant to these procedures. She may not, however, seek to represent the putative class herself, as she has not filed any class claims in her action, or seek any role in the mediation and negotiation of any possible class settlement. If absent class members were permitted to involve themselves in a mediation of class claims in this manner, it would up-end the entire class action management process carefully laid out in Rule 23.

Finally, Solo's unsupported speculation about USSF insurance policies being impacted by any class settlement in a manner that would have an adverse impact on Solo's ability to recover against the USSF is neither factually supported nor legally sound. First, the back-pay claim of a

single player, like Solo, is not dependent on any insurance recovery or coverage by the USSF.  The USSF has publicly announced reserves of substantial assets that would be far more than sufficient to cover Solo's individual claims under any imaginable scenario, and Solo does not contend otherwise.  Nor has Solo made any showing about the terms of any USSF insurance policy or how it would apply to any claim by Solo.  Second, any class settlement would not have the legal power to diminish Solo's back-pay claim in any way if she chooses to opt out of that settlement.  For these reasons, Solo would not and could not suffer any prejudice to her individual claims as a result of her legal inability to negotiate on behalf of a putative class which she does not represent and does not want to be a part of.

## III.  CONCLUSION

For all the foregoing reasons, Hope Solo's Motion for Administrative Relief must be denied.

Dated: July 26, 2019                      WINSTON & STRAWN LLP

By:  */s/ Diana Hughes Leiden*
Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
WINSTON & STRAWN LLP
101 California St., 35th Floor
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Non-Parties Alex Morgan, et al.