Timothy W. Moppin, SBN 133363
Attorney at Law
2015 Junction Avenue
El Cerrito, California 94530
Telephone: (510) 232-0442
E-Mail: timmoppin@aol.com

Richard M. Nichols SBN 166638
Attorney at Law
876 Arlene Way
Novato, CA 94947
Telephone:415-314-0066
E-Mail: rnicholspc@gmail.com

Attorneys for Plaintiff
HOPE SOLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE SOLO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SOCCER FEDERATION,<br><br>Defendant. | Case No.: 3:18-cv-05215 JD<br><br>**EMERGENCY MOTION FOR SANCTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE, RULE 11** |

Pursuant to Federal Rules of Civil Procedure, Rule 11 and United States District Court, Northern District of California, Civil Local Rules ("Civil Local Rules"), Rule 1-4, Plaintiff Hope Solo ("Plaintiff" or "Solo"), files this Emergency Motion For Sanctions Pursuant to Federal Rule of Civil Procedure, Rule 11 ("Motion for Sanctions") –a Rule that is silent with regard to its applicability [specifically, the Rule 11(b) 21-day notice period] to a Non-Party that, absent leave of the court, intervenes in a case in which they are not a party-- seeking a Court order striking Document 60 (Dkt. 60) on the grounds that it was not filed (a) by a party to this action or (b) in a manner consistent with Rule 18 or 19 or 20 or 23 or 24, and most importantly, (c) the untruthful content has, over the two days following the errant filing, subjected Solo to inaccurate and nasty mainstream and social media attacks, and if the

EMERGENCY MOTION FOR SANCTIONS

– 1 –

improper, untruthful Opposition is not immediately stricken and removed from the ECF docket, it will continue to cause Solo humiliation, vilify Solo's persona, mischaracterize Solo's causes of actions and filings, and cause irreparable harm to her character and reputation. Plaintiff further seeks a sanction order against Non-Party Morgan plaintiffs and their counsel for the intentional violation of Rules 18, 19, 20, 23, and 24. Plaintiff maintains that such flagrant disrespect for the Federal Rules entirely inconsistent with the role of "adequate" class counsel and seek a further finding that Non-Party Morgan plaintiffs' counsel is inadequate as a matter of law.

## INTRODUCTION AND FACTUAL BACKGROUND

In August 2018, Solo filed her lawsuit against the USSF (*Solo v. USSF,* Case No. 3:18-cv-05215 JD), alleging violations of the Equal Pay Act and Title VII. Seven months later, in March 2019, the USWNT followed Solo's courageous lead and sued the USSF alleging identical claims, in addition to a class allegation, (*Morgan et al v. USSF,* Case No. 2:19-cv-01717-RGK-AGR (C.D. Cal.)). Within two weeks of suing the USSF, the USWNT reached out to the USSF seeking a meeting with the USSF President to "collaborate" and have a "conversation" about the lawsuit. As of the filing of this Motion, the putative USWNT class has not been certified as a class. Predictably, the USWNT's repeated requests to meet with USSF have been rebuffed by the President of the USSF; however, it is apparent, announced, and admitted by Defendant USSF that communications between counsel for the putative USWNT class) and USSF have occurred and are ongoing regarding potential mediation and settlement of the *Morgan* putative class action. Specifically, on June 21, 2019, during the FIFA Women's World Cup tournament (the "World Cup"), the USWNT and the USSF announced that they had agreed to engage in pretrial proceedings (specifically, "Mediation", which could include informal negotiations a form of alternative dispute resolution) after the conclusion of the World Cup.

EMERGENCY MOTION FOR SANCTIONS

– 2 –

Solo was the first to file claims for equal pay and discrimination. The claims and issues before this Court are the same or similar to the claims and issues before the Court in the putative USWNT class action in *Morgan.*). On June 7, 2019, Judge Donato issued an Order stating, "[I]n light of the resolution of the JPML proceedings", lifted the stay in this proceeding and denied Defendant's Motion to Transfer (Dkt.25). The parties were directed to "submit a joint proposed scheduling order and to confer on ways to streamline discovery and <u>*other pretrial proceedings*</u> with respect to other cases that might raise similar claims and issues" [Emphasis added.] (*See* Dkt. 49, "June 7, 2019 Order"). Consequently, and in compliance with the Court's June 7, 2019 Order, Solo attempted to meet and confer on discovery and pretrial proceedings, including mediation. To date, Solo's efforts to comply with the Court's Order have been met with delay, silence, and in part, rejection.

To promote judicial economy, avoid any undue prejudice and irreparable harm to her claims, as well as to permit the parties to fully comply with the Court's June 7, 2019 Order, on July 22, 2019, Solo filed her Motion for Administrative Relief ("Motion") (Dot. 52) Solo seeks to preserve and protect her rights, specifically regarding discovery, pretrial proceedings, and participation in the Mediation and or any settlement negotiations. Notably, USSF's insurer could demand conditions precedent, waivers, releases of claims, or a "global settlement" of all related and similar actions and claims (e.g. Solo's Claims) emanating or arising out of any claims pertaining to this mediation - a pretrial proceeding in which Plaintiff Solo is excluded. Consequently, in an effort to preserve her rights and prevent irreparable harm, Solo filed the Motion to obtain a Court order requiring the parties to confer regarding mediation and to compel USSF to include Solo in any mediation.

The Court ordered responses to the Motion by July 26, 2019. On July 26, 2019, non-party putative *Morgan* class filed an "Opposition to Plaintiff's Motion for Administrative Relief" in direct contradiction to the Federal Rules. (Hereinafter referred to as "Non-Party's

EMERGENCY MOTION FOR SANCTIONS

Opposition").

**AUTHORITIES AND ARGUMENT**

### I. Named Parties and Counsel for Named Parties May Appear in Court; Non-Parties and Counsel for Non-Parties Must Petition the Court to Appear

The *Morgan* putative class is not properly before the Court.

Federal Rule 18 ("Joinder of Claims") provides a mechanism for joinder of claims. Specifically Rule 18(a) states in pertinent part, in general, "[a] asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Although the claims and issues in *Solo v. USSF* and in *Morgan et al v. USSF* are similar and involve the same Defendant, the claims of the *Morgan* putative class have not been joined with the claims of Solo in accordance with Federal Rules of Civil Procedure, Rule 18.

Federal Rules 19 (("Required Joinder of Parties") provides a mechanism for the mandatory joinder of parties, and specifically states in pertinent part that "[A] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:(i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Similar to Rule 19, Federal Rule 20 ("Permissive Joinder of Parties") provides a mechanism for the permissive joinder of parties, and specifically states in pertinent part that "(1) Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Although the claims and issues in *Solo v. USSF* and in *Morgan et al v. USSF* are similar and involve the same Defendant, the claims of the *Morgan* putative class have not been joined as parties to this case pursuant to Rule 19 or Rule 20. In addition, and given that there is an exception for Rule 23 class actions in Rule 19 (d), the putative class in *Morgan* has not been certified as a class pursuant to Federal Rule 23 ("Class Actions"). Absent a *certified class*, the

EMERGENCY MOTION FOR SANCTIONS

– 4 –

right to opt out is premature.   Additionally, the intentional and improper filing of the Opposition should be taken as evidence that non-party putative class Counsel are inadequate as a matter of law to serve as Class Counsel.

Furthermore, Non-Party's Opposition characterize Solo's Motion as a "motion to intervene", which it clearly is not – either in title, or substance.  As Non-Parties and their counsel are aware, both *Solo v. USSF* and *Morgan et al v. USSF* share a common Defendant (USSF), and any request by Solo for this Court to order the parties to confer and to compel would apply to USSF and would implicate any discovery or pretrial proceedings in *Solo v. USSF*.  Accordingly, reliance by Non-Party's Opposition on *California ex rel. Lockyer v. U.S. Dep't of Agriculture*, 710 F. Supp. 2d 916, 921 (N.D. Cal. 2008) (citing West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir. 1985)) is inapposite and misplaced.  Regarding intervention, the issue before this Court in this Motion for Sanctions is that Non-Party putative *Morgan* class, has not made any attempt to intervene in *Solo v. USSF* in compliance with Federal Rule 24 ("Intervention").  "Intervention of Right" states  that "[O]n timely motion, the court must permit anyone to intervene who:  (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  As to "Permissive Intervention", Rule 24 states that "[O]n timely motion, the court may permit anyone to intervene who:  (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact."  Rule 24 (c) requires notice and pleading, stating that "[A] motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."

**II.     The Failure of Non-Party Plaintiffs and Counsel for Non-Party Plaintiffs to Petition this Court Prior to Filing its Opposition is a Clear and Purposeful Violation of the Federal Rules of Civil Procedure That Has Already Caused Solo To Suffer Irreparable Harm and Public Humiliation, Should Be Immediately Stricken From the Docket, and Non-Party's Should be Sanctioned Pursuant to Rule 11.**

As an officer of the court, an attorney attests to a filed pleading by and through that attorney's signature.  Federal Rule 11 ("Signing Pleadings, Motions, and Other Papers;

EMERGENCY MOTION FOR SANCTIONS

– 5 –

Representations to the Court; Sanctions") provides specific guidelines as to the submission and signing of pleadings, motions, and other papers filed with the Court. Rule 11 specifically states that "[E]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." In addition, "[T]he paper must state the signer's address, e-mail address, and telephone number", and "[Unless a rule or statute specifically states otherwise", "a pleading need not be verified or accompanied by an affidavit." Furthermore, "[T]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention."

As stated, the putative *Morgan* class is not a party to the present action. *Even* if the putative *Morgan* class was a party es to the present action, it is not represented -- due to the lack of an appearance by any counsel for the putative class. Consequently, there is no counsel of record for the putative *Morgan* class. Any filing for a non-party that is signed by counsel who is not attorney of record is improper and is effectively an "unsigned paper". Accordingly, Non-Party's Opposition is in direct contravention of Rule 11. Further, as noted above herein, Non-Party Morgan's improper filing of the untruthful Opposition has already caused Solo to suffer undeserved irreparable harm, ridicule and humiliation in the mainstream and social media. As a result, "[T]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention". By July 29, 2019 email from Solo's counsel, the "omission", the basis for this Motion for Sanctions, and the requested relief have been called to the attention of Attorneys for Non-Parties Alex Morgan et al, and Attorneys for Non-Parties Alex Morgan et al have been given adequate time to respond. [See attached hereto.]

Rule 11 also addresses the legal significance of the representations that are made to the Court by and through signed pleadings, motions, and other papers, specifically stating in pertinent part:

EMERGENCY MOTION FOR SANCTIONS

– 6 –

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The Non-Party's Opposition signed, filed, submitted, and advocated for the "Opposition" to Solo's Motion, is in direct contravention of Rule 11. In addition, Non-Party's counsel certified that to the best of Plaintiff Morgan and counsel for Plaintiff Morgan "knowledge, information, and belief", the Non-Party's Opposition was not "presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation". Whether proceeding as "collective actions" pursuant to the Fair Labor Standards Act ("FLSA"), the Equal Pay Act ("EPA"), and 29 U.S.C. §216, or as a "putative class" under the Federal Rules of Civil Procedure, Rule 23 ("Rule 23", "Class Actions"), the Non-Party's Opposition contains numerous factual and legal misrepresentations (including that the Morgan Plaintiffs are operating within or certified as a class action, or that Hope Solo has "opted-out" of the class). Hope Solo has never "opted-in" to a "collective action" in *Morgan et al v. USSF*. In addition, no class has been certified in *Morgan et al v. USSF*, and it is premature to even suggest that Hope Solo has "opted-out" of a class that has yet to be certified. In addition, contrary to the assertions in Non-Party's Opposition, Solo's Motion does state any intention "to negotiate a settlement on behalf of a putative class" or to "manage the class action litigation". In addition, contrary to the assertions in Non-Party's Opposition, the Motion is not merely a motion to "participate in mediation of the *Morgan* action", it is a request of this Court to order

the parties to confer regarding any potential mediation and compel the Defendant USSF and related similar case party(s) in *Morgan, et al. v. USSF* to include Plaintiff Solo as a participant in the pretrial proceeding of mediation, consistent with the June 7, 2019 Order of this Court, and within the context that the term "Mediation" as utilized by Defendant USSF entails not only a specific event or occurrence, but ongoing settlement negotiations and discussions regarding pretrial proceedings and alternative dispute resolution intended to resolve similar claims and issues.

Furthermore, the Non-Party's Opposition, Non-Parties Alex Morgan et al characterize Solo's Motion as a "motion to intervene", which it clearly is not – either in title, or substance. As stated previously in this Motion for Sanctions, and as Non-Parties Alex Morgan and their counsel are aware, both *Solo v. USSF* and *Morgan et al v. USSF* share a common Defendant (USSF), and any request by Solo for this Court to order the parties to confer and to compel would apply to USSF and would implicate any discovery or pretrial proceedings in *Solo v. USSF*. Accordingly, reliance by Non-Party's Opposition on <u>California ex rel. Lockyer v. U.S. Dep't of Agriculture</u>, 710 F. Supp. 2d 916, 921 (N.D. Cal. 2008) (citing <u>West Gulf Maritime Ass'n v. ILA Deep Sea Local 24</u>, 751 F.2d 721, 728 (5th Cir. 1985)) is a knowingly frivolous and misplaced argument, and more aptly is a claim, defense, and other legal contention unwarranted by existing law, and is thereby directly contrary to Rule 11 and is subject to sanction.

In addition, Non-Party's Opposition asserts factual contentions, and denies factual contentions – both without any evidentiary support. The factual contentions asserted in the Opposition (or warrant for the denials of factual contentions on the evidence) may likely have "evidentiary support after a reasonable opportunity for further investigation or discovery"; however, Non-Parties Alex Morgan et al and their counsel oppose investigation or discovery or participation in pretrial proceedings (Mediation) that may provide evidentiary support for

EMERGENCY MOTION FOR SANCTIONS

– 8 –

assertions or reveal evidence that would warrant denials of factual contentions.  Such a posture is directly contrary to Rule 11 and is subject to sanction.

Rule 11(c) "Sanctions" addresses the authority of a Court to impose a remedy for a violation of Rule 11 (b), and includes a mechanism by which sanctions should be imposed, specifically stating in pertinent part:

> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
> (3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
> (4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
> (5) Limitations on Monetary Sanctions. The court must not impose a monetary sanction:
>> (A) against a represented party for violating Rule 11(b)(2); or
>> (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.
>
> (6) Requirements for an Order. An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

## **CONCLUSION AND REQUEST FOR RELIEF**

To permit the Non-Party's Opposition filing containing untruths about Solo to remain filed, without being struck or without imposition of sanction would (a) enable continuing irreparable harm to Solo, and (b) absent sanctions, would effectively send the message that any

EMERGENCY MOTION FOR SANCTIONS

– 9 –

attorney, representing any non-party, in any court, in any jurisdiction, can file any pleading, requesting or opposing any relief – regardless of whether the court, parties, or counsel approve or disapprove. It would also mean that Federal Rules of Civil Procedure are not mandatory and instructive but are merely advisory, and should immediately be revised to delete Rules 11, 18, 19, 20, 23, and 24 as ineffective and irrelevant.

Based on the above, Solo requests that this Court issue an order holding the Attorneys for Non-Party putative *Morgan* class responsible for the specifically identified actions and omissions violating Federal Rule 11 and a finding that its counsel be deemed "inadequate" as Class Counsel.

For the reasons stated above herein, Solo respectfully requests that Non-Party putative *Morgan* class and its Attorneys *not* be afforded the customary 21 days to correct (remedy) the improperly filed Opposition and requests that the *Opposition be struck and removed* from ECF immediately. In the absence of immediate striking and removal of the Opposition from ECF, Plaintiff Solo requests corrective action that suffices to deter repetition of the conduct or comparable conduct by others similarly situated within a time set by this Court, and requests that Non-Party putative *Morgan* class be ordered to show cause why its actions and omissions do not violate Rule 11(b). In addition, Solo requests reasonable expenses and attorneys fees incurred in the preparation, presentation, and resolution of this Motion for Sanctions and any responsive pleading arising therefrom.

                                                  Respectfully Submitted,

DATED: July 29, 2019

                                      BY:  /S/_____
                                               TIMOTHY W. MOPPIN, ESQ.
                                               Attorneys for Plaintiff
                                               HOPE SOLO