Diana Hughes Leiden (SBN: 267606)
dhleiden@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, California 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
WINSTON & STRAWN LLP
101 California St., 35th Floor
San Francisco, California 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Attorneys for Non-Parties Alex Morgan, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE SOLO,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES SOCCER FEDERATION,<br><br>    Defendant. | Case No. 3:18-cv-05215-JD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS** |

Plaintiffs in the *Morgan et al. v. USSF* action, Case No. 2:19-cv-01717-RGK-AGR, (the "*Morgan* Plaintiffs") respectfully oppose Plaintiff Hope Solo's ("Solo") improper and meritless "Emergency Motion for Sanctions" (ECF No. 61).

## I.   INTRODUCTION

On July 22, 2019, Solo took the unprecedented step of asking this Court to issue an order compelling her inclusion in a mediation of the *Morgan* Plaintiffs' class action against USSF pending in front of the Honorable R. Gary Klausner in the Central District of California. Both USSF and the *Morgan* Plaintiffs opposed this request. The *Morgan* Plaintiffs' opposition pointed out that Solo's motion was procedurally improper and that Solo lacked standing to represent the plaintiffs in any settlement negotiations in the *Morgan* action. Solo's rejoinder—a hastily-filed sanctions motion—makes wild accusations against the *Morgan* Plaintiffs that are not remotely supported by the factual record and once again asks this Court for improper relief that is not warranted or permitted by any federal or local rule. Solo's improper and unsupported sanctions motion must be denied.

As a preliminary matter, Solo's motion was filed in violation of Federal Rule of Civil Procedure ("FRCP") Rule 11(c)(2)'s "safe harbor" provision, which requires that parties wait 21 days after service of a sanctions motion before filing it with the court. Here, Solo filed this sanctions motion ***minutes*** after emailing the *Morgan* Plaintiffs' counsel and without even attempting to meaningfully meet and confer about any of the issues or the relief sought. And, as set forth below, her "emergency" motion also violates Northern District of California Local Rules 7-2 and 7-8, as well as the Northern District Guidelines for Professional Conduct. Solo's motion should be denied on those grounds alone.

And even if the Court were to entertain Solo's improper motion, Solo's request for sanctions is substantively meritless. Rule 11 sanctions are reserved for pleadings and submissions that present false statements, frivolous legal contentions, or otherwise are intended only to harass or drive up the costs of litigation. Solo points to nothing in the *Morgan* Plaintiffs' opposition brief that is false, misleading, or frivolous, and her arguments on this score are based on misrepresentations of both the *Morgan* Plaintiffs' filing and the Federal Rules. Furthermore, Solo's argument that the opposition was an improper attempt to "intervene" in this case lacks any merit. Indeed, by improperly asking

1

this Court to issue an order referring this case to a mediation pending in an entirely different court, it was Solo who inserted herself in the *Morgan* Plaintiffs' case against USSF—and did so without informing the Court presiding over the *Morgan* Plaintiffs' case or serving the parties in that case. This improper intervention by Solo required a response from the *Morgan* Plaintiffs, who seek to protect the integrity of the mediation process with USSF as part of their ongoing efforts to achieve equal pay on behalf of the putative class.

For these reasons, as set forth more thoroughly below, Solo's motion must be denied. Should this Court require or prefer that the *Morgan* Plaintiffs formally intervene in this case before considering this response or the *Morgan* Plaintiffs' opposition to Solo's administrative motion relating to the mediation, they will promptly do so.

## II.   DISCUSSION

### A.   Solo's Motion Must Be Denied Because It Was Brought in Violation of FRCP 11(c)(2) and This District's Local Rules and Guidelines.

FRCP 11(c)(2) mandates that sanctions motions must not be filed until 21 days after they are served. This "safe harbor" provision is a "mandatory" prerequisite that is strictly construed. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001).

Counsel for Solo did not serve the *Morgan* Plaintiffs with this motion as required by Rule 11, nor did she wait anywhere close to 21 days before filing it. In fact, Solo's counsel barely attempted to confer with counsel for the *Morgan* Plaintiffs before filing. In an email to *Morgan* Plaintiffs' counsel on July 29, 2019, Solo's counsel requested that the Morgan Plaintiffs "take whatever action is required" to retract their opposition to Solo's motion for administrative relief on the grounds that it violated "well established Federal Rules." *See* ECF No. 62-1. Counsel for the *Morgan* Plaintiffs promptly responded, noting "I am not aware of any Federal Rule that has been violated by this filing. Please identify the basis for your claim and we will then evaluate it." *Id*. Hours later, Solo's counsel responded, "In addition to numerous ethical rules violations, Federal Rules 11, 18, 19, 20, 23, and 24 have been violated," and then filed this motion ***17 minutes later***. *Id.*[1]  The only explanation Solo

---

[1] Solo's claim that the basis for this sanctions motion and the relief requested therein "have been called to the attention of Attorneys for Non-Parties Alex Morgan et al, and Attorneys for Non-Parties

2

provides for her violation of Rule 11(c)(2) is to note that the rule "is silent with regard to its applicability [specifically, the Rule 11(b) [sic] 21-day notice period] to a Non-Party." ECF No. 61 at 1. But Solo cannot request sanctions and other relief under Rule 11 and then claim that she need not meet the rule's "mandatory" requirements. *Radcliffe*, 254 F.3d at 789.

In addition to violating Rule 11, Solo's filing violates this District's Local Rules and guidelines. Specifically, Northern District Local Rule 7-8 and 7-2 require that all motions for sanctions be properly noticed for a hearing at least 35 days in the future and be accompanied by appropriate affidavits or declarations. Further, the Northern District Guidelines for Professional Conduct require that counsel "engage in a good faith effort to resolve the issue" before filing.[2] Needless to say, filing a sanctions motion unsupported by any factual declarations or affidavits, without following Rule 11's safe harbor provision, and only minutes after vaguely alluding to a violation of "numerous ethical rules" and six federal rules, does not meet the Northern District's requirements.

Solo's motion for sanctions should be summarily denied or stricken for her failure to comply with Rule 11(c)(2) and the local rules and guidelines of this District.

**B.     Even if Solo's Motion Could Be Entertained, there is No Basis for the Court to Issue Sanctions.**

Even if Solo's violation of Rule 11(c)(2) could be excused, the sanctions motion lacks any merit on its face and must be denied.

First, Solo argues that the *Morgan* Plaintiffs' filing was improper in light of a number of Federal Rules. ECF No. 60 at 4-5. FRCP 18, 19, and 20 all contemplate the joinder of parties to an action. The *Morgan* Plaintiffs have not asserted in their Opposition or at any other point that they wish to, or could, join Solo in this matter—to the contrary, they are pursuing their own claims on behalf of the putative class. Likewise, the *Morgan* Plaintiffs are not seeking to formally intervene and pursue claims in this case pursuant to FRCP 24. The *Morgan* Plaintiffs simply opposed Solo's

---

Alex Morgan et al *have been given adequate time to respond*," is an obvious misstatement in light of the factual record. ECF No. 60 at 6 (emphasis added).

[2] https://www.cand.uscourts.gov/professional_conduct_guidelines

3

administrative motion in this case in order to protect their interests and the interests of the class they represent in the separate action pending in the Central District in front of Judge Klausner, and are not attempting to becomes parties to this case.  The *Morgan* Plaintiffs opposed Solo's motion as an improper attempt to invade Judge Klausner's case management authority and because Solo has no proper role in the *Morgan* Plaintiffs' action or their mediation with USSF.  Given that the relief Solo sought in the motion undeniably sought to impact the *Morgan* Plaintiffs and their mediation with USSF, it was proper for the *Morgan* Plaintiffs to have their voices heard in this case for this limited purpose.  Finally, Solo does not make clear how the *Morgan* Plaintiffs violated FRCP 23, which relates to the formation and certification of class actions.

Solo then contends that counsel for the *Morgan* class has not properly appeared before the Court in the *Solo v. USSF* matter and that therefore the opposition to Solo's administrative motion was an "unsigned paper."  ECF No. 61 at 6.  But attorneys for the *Morgan* Plaintiffs did appear before this Court when they notified this Court and the parties in this matter of the Motion to Transfer they filed with the JPML on March 8, 2019.  *See* ECF No. 45.  Indeed, Alex Morgan is currently listed on the *Solo* docket as an "interested party."  Thus, even if a signed submission by an attorney who had not entered an appearance was an "unsigned paper" for purposes of Rule 11(a), Solo's argument is factually inaccurate.  Counsel for the *Morgan* Plaintiffs take their Rule 11 obligations extremely seriously and will follow the Court's guidance if asked to make a formal request to appear.

Finally, and unfortunately, Solo repeatedly and falsely contends that the *Morgan* Plaintiffs' opposition contains "untruthful content," which has somehow led to her being attacked on social media and "cause[d] irreparable harm to her character and reputation."  *See, e.g.*, ECF No. 61 at 1-2. Solo provides no factual basis for this claim, and could not do so, because it is not correct.  The only purported "misrepresentations" referenced in the sanctions motion—"that the Morgan Plaintiffs are operating within or certified as a class action, [and] that Hope Solo has 'opted-out' of the class" (ECF No. 61 at 7:18-22)— do not appear anywhere on the papers filed by the *Morgan* Plaintiffs and are belied by the face of the *Morgan* Plaintiffs' brief.  ECF No. 60 at 1 ("the mediation will not prejudice Solo's case in any way, as she retains the right under Rule 23 to opt out of any Federal

4

Rule of Civil Procedure 23(b)(3) class settlement"); *see also id.* ("No class will have the authority to release or diminish Solo's individual back-pay claims in any way if she opts out of any class that is certified."). The *Morgan* Plaintiffs made it clear they have filed a putative class action—not one already certified—and that Solo has the right to opt out if the class is certified. All of these representations are correct. Indeed, it is Solo's repeated claim that the *Morgan* Plaintiffs' brief asserted false factual contentions without evidentiary support that is untrue.

For these reasons, even if the Court did rule on Solo's request for sanctions filed in violation of Rule 11, there is no conceivable relief appropriate here—and certainly no basis for this Court to issue "a finding that [the *Morgan* Plaintiffs'] counsel be deemed 'inadequate' as Class Counsel" in their case against USSF. Not only does this demand have no basis, but this request is yet another effort by Solo to ask this Court to invade Judge Klausner's case management and determine an issue that is not before this Court.

## III. CONCLUSION

For all the foregoing reasons, Hope Solo's Motion for Sanctions must be denied.

Dated: July 30, 2019                              WINSTON & STRAWN LLP

By:   */s/ Diana Hughes Leiden*
      Diana Hughes Leiden (SBN: 267606)
      dhleiden@winston.com
      WINSTON & STRAWN LLP
      333 South Grand Avenue, 38th Floor
      Los Angeles, California 90071-1543
      Telephone: (213) 615-1700
      Facsimile: (213) 615-1750

      Jeanifer E. Parsigian (SBN: 289001)
      jparsigian@winston.com
      WINSTON & STRAWN LLP
      101 California St., 35th Floor
      San Francisco, California 94111
      Telephone: (415) 591-1000
      Facsimile: (415) 591-1400

      Attorneys for Non-Parties Alex Morgan, et al.