Timothy W. Moppin, SBN 133363
Attorney at Law
2015 Junction Avenue
El Cerrito, California 94530
Telephone:  (510) 232-0442
E-Mail: timmoppin@aol.com

Richard M. Nichols SBN 166638
Attorney at Law
876 Arlene Way
Novato, CA 94947
Telephone:415-314-0066
E-Mail: Rnicholspc@gmail.com

Attorneys for Plaintiff
HOPE SOLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE SOLO,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SOCCER FEDERATION,<br><br>Defendant. | Case No.: 3:18-cv-05215 JD<br><br>**REPLY TO NON-PARTIES ALEX MORGAN, ET AL'S OPPOSITION TO HOPE SOLO'S EMERGENCY MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 11**<br><br>Date:     September 12, 2019<br>Time:     10:00 a.m.<br>Dept.:    Courtroom 11<br>Judge:   Hon. James Donato<br><br>Complaint Filed:  August 24, 2018 |

     Plaintiff, Hope Solo ("Plaintiff" or "Solo"), pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 11 and United States District Court, Northern District of California, Civil Local Rules ("Civil Local Rules"), Rule 1-4, Rule 7-2, and Rule 7-8, files this Reply to Opposition to Emergency Motion For Sanctions Pursuant to Federal Rule of Civil Procedure, Rule 11 ("Reply to Opposition to Motion for Sanctions", "Reply"), fully incorporating by reference herein Plaintiff's Emergency Motion for Sanctions Pursuant to Federal Rule of Civil Procedure, Rule 11 ("Dkt.61",  "Motion for Sanctions", "Motion") which has been set for a hearing before this Court on September 12, 2019, at 10:00 a.m., as well as the Opposition to Plaintiff's Motion for Sanctions ("Dkt. 65", "Opposition to Motion for Sanctions", "Opposition"), and states as follows:

– 1 –

**REPLY TO NON-PARTIES MORGAN, ET AL. OPPOSITION TO HOPE SOLO'S EMERGENCY MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 11**

Solo's Motion for Sanctions seeks Rule 11 sanctions against the *Morgan* Plaintiffs and Putative Class Counsel for the *Morgan* Plaintiffs for disregarding federal and local rules and improperly filing its "Opposition to Plaintiff's Motion for Administrative Relief" (Dkt.60) ("Opposition").

From its "*I. Introduction*" paragraph through its "*Conclusion*" the improper Opposition to Sanctions misstates the record generally, and the clear language of the pleadings filed in this cause specifically. The Opposition to Sanctions also ignores or misstates the facts and applicable law and procedure in this matter, including, but not limited to, the following:

**<u>Misstatement No. 1 at Opposition to Sanctions Dkt.65 page 1.</u>** The Opposition to Sanctions states that Solo is taking "the unprecedented step of asking this Court to issue an order compelling her inclusion in a mediation of the *Morgan* Plaintiffs' class action against USSF pending in front of the Honorable R. Gary Klausner in the Central District of California", and states that "[B]oth the USSF and the *Morgan* Plaintiffs opposed this request" (Dkt.65, P.1).

These statements are belied by the record. The Opposition to Sanctions fails to accurately state the relief requested in Solo's Motion for Administrative Relief. Stated correctly, Solo's Motion for Administrative Relief (Dkt.52, "Motion for Administrative Relief") seeks an order from this Court "referring this case to the impendent mediation in the action *Alex Morgan et al v. United States Soccer Federation*, Case No. 2:19-cv-01717-RGK-AGR, which as the Court has previously recognized is a case involving similar claims and issues and is pending in the Central District of California." (Dkt.52). Solo's Motion for Administrative Relief also "requests this Court to order the parties to confer regarding any potential Mediation and compel the Defendant, and related, similar case party(s) in <u>Morgan et al v. USSF</u> to include Plaintiff Solo as a participant in the pretrial proceeding of Mediation." (Dkt.52). Solo's Motion for Administrative Relief further asks the Court to "Order[] the parties in this litigation to confer regarding any potential Mediation and compelling the parties to participate in the pretrial proceeding of Mediation would promote judicial economy, avoid any undue prejudice and irreparable harm to Plaintiff Solo, as well as permit the parties to fully comply with the Court's June 7, 2019 Order." (Dkt.52).

"Mediation" as articulated in Solo's Motion for Administrative Relief, is a pretrial proceeding that encompasses not only a potential actual mediation session with the parties negotiating in the presence of a mediator, but also includes the informal negotiations between the parties and their respective counsel prior to, during, and subsequent to a formal mediation session, if any. Although a formal mediation session has not occurred, settlement discussions

2

**REPLY TO NON-PARTIES MORGAN, ET AL. OPPOSITION TO HOPE SOLO'S EMERGENCY MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 11**

between USSF and the similarly-situated *Morgan* Plaintiffs have commenced and are ongoing, and according to USSF's counsel, a mediation session is currently being scheduled between the *Morgan* Plaintiffs and the Defendant USSF – the same defendant named and served in the *Solo v. USSF* action. (Dkt.52, Ex. B).

**Misstatement No. 2 at Opposition to Sanctions Dkt.65 page 1.** The Opposition (Dkt.60, P.1) states that "[A]bsent putative class members such as Solo, however, do not have the right to seek to represent the class or manage the class action litigation", and the Opposition to Sanctions (Dkt.65, P.1) states that "Solo lacked standing to represent the [*Morgan*] Plaintiffs in any settlement negotiations in the *Morgan* action"; however, no where in the Motion for Administrative Relief or the Motion for Sanctions does Solo request to represent the *Morgan* Plaintiffs in any settlement negotiations. To imply otherwise is a misstatement and misrepresentation to this Court. Stated correctly - and within the context of USSF's coercive behavior towards the USWNT and the *Morgan* Plaintiffs, Solo's termination from the USWNT by the USSF in August of 2016, and the recent history of capitulation by the USWNT and the *Morgan* Plaintiffs to the coercion of USSF - Solo's Motion for Administrative Relief states that "Solo is free to persist and pursue their [Solo's, USWNT's, and the *Morgan* Plaintiffs'] mutual Equal Pay objectives in the Mediation without fear of USSF retribution or retaliation. Accordingly, Solo should be allowed to fearlessly participate in the Mediation and or any settlement negotiations." (Dkt.52).

**Misstatement No. 3 at Opposition Dkt.65 pages 1 & 3.** In addition, the Opposition to Sanctions states that Solo's Motion for Sanctions (Dkt. 61) makes "wild accusations against the *Morgan* Plaintiffs that are not remotely supported by the factual record and once again asks this court for improper relief that is not warranted or permitted by any federal or local rule" (Dkt.65, P.1). This is a clear misstatement to this Court, unsupported by any evidentiary support for the allegations against Solo of inaccurate accusations and failing to point to any fact unsupported by the factual record before this Court. Furthermore, the Opposition to Sanctions blatantly mischaracterizes and misrepresents the relief sought by Solo, as discussed *supra*.

Solo's Motion for Administrative Relief is consistent with the federal and local rules, as well as consistent with the Court's June 7, 2019 Order. To state otherwise is an attempt to mislead this Court and to disregard this Court's June 7, 2019 Order -- which is the apparent intent of the *Morgan* Plaintiffs. As set forth in Solo's Motion for Sanctions, the *Morgan* Plaintiffs have not even properly established standing or the right to be heard on any matters before this honorable Court. The Non-Party *Morgan* Plaintiffs specifically state that they have

"not asserted in their Opposition [to Sanctions] or at any other point that they wish to, or could, join Solo in this matter" (Dkt.65, P.3). Specifically, the *Morgan* Plaintiffs have not attempted to join any claims pursuant to FRCP, Rule 18 ("Rule 18"), or attempted to join any parties in this action pursuant to FRCP, Rule 19 ("Rule 19") and Rule 20 ("Rule 20"). Furthermore, the *Morgan* Plaintiffs have not intervened, and according to their Opposition, "are not seeking to formally intervene and pursue claims in this case" pursuant to FRCP, Rule 24 ("Rule 24"). (Dkt.65, P.3).

**Misstatement No. 4 at Opposition to Sanctions Dkt.65 page_4_.** In an attempt to contradict their clear violation of federal and local rules, counsel for the *Morgan* Plaintiffs attempt to allude both to (1) a Notice of Motion to Transfer that was filed with the JPML on March 8, 2019 (Dkt.45), and (2) a designation of Alex Morgan as an "interested party" which requests that the Court clerk (due the similarity of claims and issues in this case with those in *Morgan et al v. USSF*), apprise counsel for the *Morgan* Plaintiffs of actions related to the above-styled and numbered case through electronic notification of electronic case filings ("ECF"). A "Notice" of a Motion to Transfer filed with the JPML, or a designation of 1 of 28 Plaintiffs in another case (Alex Morgan) for receipt of ECF documents in this pending case does not constitute an "appearance" as that term is defined in the federal or local rules. (See L.R. 3-4 and 5.1). Furthermore, a "Notice" or request for receipt of ECF filing is clearly not an "Intervention" pursuant to Rule 24, and any attempt to assert otherwise is a purposeful misstatement and an improper misrepresentation to this Court.

As stated in Solo's Emergency Motion for Sanctions, no class has been certified in *Morgan et al v. USSF*, and it is premature and improper for Non-Parties and counsel for Non-Parties to suggest that Hope Solo has "opted-out" of a class that has yet to be certified. In addition, contrary to the assertions in Non-Party's Opposition (Dkt.60), Solo's Motion does not state any intention "to negotiate a settlement on behalf of a putative class" or to "manage the class action litigation" (Dkt.60, P.1). In addition, Non-Party's counsel claims to be unclear as to the relevance to the Rule 23 class certification factor determination regarding the "adequacy" of Class Counsel in relation to improperly filing a pleading (Dkt.60) in a court in which counsels' clients are not parties, counsel is not attorney of record, and without following federal or local rules for authorization or permission – and attempting to justify such action through an additional Dkt.65 Opposition to Plaintiff's Emergeny Motion for Sanctions. Such disregard for the Federal Rules is contrary to the obligations of Class Counsel as set forth in Federal Rule 23 and the Manual on Complex Litigation. Further, such feigned ambiguity on the part of Non-

4

Party's putative class counsel is not shared by those who adhere to the ethical and federal rules and should not be tolerated by this Court.

**The Bottom Line.** The real issue at hand is that the *Morgan* Plaintiffs and their Counsel improperly filed their Opposition to Solo's Motion for Administrative Relief without proper procedural basis or permission from the Court. Solo's Motion for Administrative Relief was directed to and served upon Defendant USSF, not the *Morgan* Plaintiffs. USSF filed its Response to Plaintiff's Motion for Administrative Relief (Dkt.59), stating that "U.S. Soccer does not oppose mediating with Solo individually", while challenging the propriety of Plaintiff's Motion for Administrative Relief. As evidenced by its "Response", Defendant USSF is not interested in judicial efficiency or economy, and presumably would prefer not to comply with this Court's June 7, 2019 Order requiring USSF to "confer on ways to streamline discovery and other pretrial proceedings with respect to other cases that might raise similar claims and issues". Procedurally, USSF could have properly referenced the *Morgan* Plaintiffs' shared opposition in its "Response", but it did not. Absent joinder or intervention, any further responsive pleading by *Morgan* Plaintiffs or counsel for the *Morgan* Plaintiffs was unsolicited, unwarranted, unnecessary, and procedurally improper. Adopting the faulty rationale from the *Morgan* Plaintiffs' counsel's attempts to justify their acts and omissions would obviate the need for the Federal Rule on Intervention -- Rule 24 -- as well as any of the rules governing joinder or intervention. Accordingly, Solo's Motion for Sanctions is consistent with the federal and local rules, specifically FRCP, Rule 11 ("Rule 11").

To the extent that counsel for the *Morgan* Plaintiffs have any right to be heard before this Court, the Opposition to Sanctions is correct in reciting a portion of the language of FRCP Rule11(c)(2). That Rule provides: after describing "the specific conduct which allegedly violates 11(b)", and after "notice and a reasonable opportunity to respond", and after service of the Motion for Sanctions pursuant to FRCP Rule 5, it requires that Rule 11(a) "attorneys of record" or "parties" be afforded 21 days from the date of service ("or within another time the court sets") to withdraw or appropriately correct the "challenged paper, claim, defense, contention, or denial" (Rule 11). However, the *Plaintiffs Alex Morgan* et al are, by their own admission, "Non Parties" to the above-styled and numbered cause, and have never filed any request for joinder of claims or parties, nor filed any motion for intervention, nor conferred with the parties in this cause regarding joinder nor intervention, nor sought the permission or leave of this Court to file any pleading or "other papers" in this cause, or in any manner requested permission to be heard before this Court. (Dkt.60; Dkt.65). In addition, contrary to the

assertions in the Opposition for Sanctions, Solo's Motion for Sanctions does not violate Northern District of California Local Rules 7-2 or 7-8, nor Northern District Guidelines for Professional Conduct. As stated in Solo's Motion for Sanctions (Dkt.61), FRCP Rule 11 is silent as to its applicability to "Non-Parties" such as the *Morgan* Plaintiffs and attorney of record for "Non-Parties". Cases such as *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772 (9th Cir. 2001), cited by the Non-Parties in their Opposition, are silent on unprecedented situations such as this in which Non-Parties purposefully file a pleading in a court in which they are not parties and without permission.

It is unclear what is meant by the Opposition to Sanctions' assertion that "Solo's counsel barely attempted to confer" with counsel for Non-Parties. One either confers or one does not. Notwithstanding the likely inapplicability of FRCP Rule 11(c)(s)'s notice provisions to "Non-Parties" or counsel for "Non-Parties", Counsel for Plaintiff Solo engaged in a good faith effort to resolve the issue by conferring with counsel for "Non-Parties", providing notice of the improper filing (Dkt.60), requesting that Dkt.60 be immediately withdrawn, and providing a reasonable opportunity for counsel for Non-Parties to respond (See Dkt.62-1). No agreement was reached on the Emergency Motion for Sanctions, and the Emergency Motion for Sanctions was filed after requesting withdrawal of Dkt.60 based upon Non-Party putative class counsel's ethical breach and violation of one or more of six federal rules by filing the Opposition. To avoid the possibility of a bad precedent set by permitting a Non-Party to insert themselves into an independent action and to file a pleading or "other papers" in that independent action that may influence the cause or misrepresent to the Court and the general public the relative legal positions of the parties in that independent action, and with the intent to immediately "deter repetition of the conduct or comparable conduct by others similarly situated" (Rule 11(c)(4)), Solo filed the Motion for Sanctions. Solo's Motion for Sanctions was and is filed as an *Emergency* Motion for Sanctions and seeks immediate withdrawal of the Opposition (Dkt.65) as well as appropriate sanctions against the offending Non-Parties and their counsel.

Contrary to the assertions in the Non-Party's Opposition to Sanctions, Solo's Motion for Administrative Relief is not an "intervention" in <u>Morgan et al v. USSF</u>. It is filed in the above-styled and titled cause in which Solo is the Plaintiff and it is clearly permissible by the federal and local rules. In contrast, Counsel for Non-Parties cites no federal or local rule permitting Non-Party's Opposition (Dkt.60) to be filed in <u>Solo v. USSF</u> without joinder, intervention, leave of court, consent of the parties, or authorization by this Court. The Opposition (Dkt.60) is

**REPLY TO NON-PARTIES MORGAN, ET AL. OPPOSITION TO HOPE SOLO'S EMERGENCY MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 11**

improper and the acts or omissions by Non-Parties in filing the Opposition (Dkt.60) should be subject to sanctions.

## CONCLUSION

Based upon the aforementioned, Plaintiff Solo respectfully requests this Court to grant its Emergency Motion for Sanctions Pursuant to Federal Rule of Civil Procedure, Rule 11.

Dated: August 7, 2019                    Respectfully submitted,

                                                      /s/
                                      TIMOTHY W. MOPPIN, ESQ.
                                      Attorneys for Plaintiff
                                      HOPE SOLO

– 7 –

**REPLY TO NON-PARTIES MORGAN, ET AL. OPPOSITION TO HOPE SOLO'S EMERGENCY MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 11**