Timothy W. Moppin (SBN 133363)
Attorney at Law
2015 Junction Avenue
El Cerrito, California 94530
Telephone: (510) 232-0442
timmoppin@aol.com

SEYFARTH SHAW LLP
Ellen E. McLaughlin (IL 6181045) (*admitted pro hac vice*)
emclaughlin@seyfarth.com
Brian M. Stolzenbach (IL 6273113) (*admitted pro hac vice*)
bstolzenbach@seyfarth.com
Sharilee Kempa Smentek (IL 6277773)
(*admitted pro hac vice*)
ssmentek@seyfarth.com
Cheryl A. Luce (IL 6313386) (*admitted pro hac vice*)
cluce@seyfarth.com
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

Richard M. Nichols (SBN 166638)
Attorney at Law
876 Arlene Way
Novato, CA 94947
Telephone: (415) 314-0066

Kyllan B. Kershaw (GA 744304) (admitted *pro hac vice*)
kkershaw@seyfarth.com
Seyfarth Shaw LLP
1075 Peachtree Street, NE, Ste. 2500
Atlanta, GA  30309
Telephone: 404-885-6766

Attorneys for Plaintiff
HOPE SOLO

[*Additional Counsel listed on Signature Page*]

SEYFARTH SHAW LLP
Giovanna A. Ferrari (SBN 229871)
gferrari@seyfarth.com
Chantelle C. Egan (SBN 257938)
cegan@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Attorneys for Defendant
UNITED STATES SOCCER FEDERATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE SOLO,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES SOCCER FEDERATION,<br><br>        Defendant. | Case No. 3:18-cv-05215 JD<br><br>**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**<br><br>Complaint Filed:  August 24, 2018 |

1.     <u>PURPOSES AND LIMITATIONS</u>

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.6, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

    2.1    <u>Action</u>: *Hope Solo, et al. v. United States Soccer Federation*, Case No. 3:18-cv-05215-JD (N.D. Cal. August. 24, 2018).

    2.2    <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

    2.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

    2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8     <u>Final Disposition</u>: Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9     <u>In-House Counsel</u>: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent a Party to this Action and have filed an appearance in this Action on behalf of a Party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12     <u>Party</u>: a named party to this Action (including all of its officers, directors, employees, litigation consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs)). The term "Party" excludes the individuals whom Plaintiff alleges are similarly situated to her, and relatives and agents of a Party to this Action, including but not limited to, spouses and domestic partners.

2.13     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14     <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees, subcontractors, and assigns.

2.15     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL", as well as tangible information not previously filed with the court such as, but not

limited to, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, including without limitation, notes of Outside Counsel of Record. Information available in the public domain is not Protected Material.

2.16     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.     DURATION

Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until (a) a Receiving Party returns or completely destroys all Protected Materials in its possession following Final Disposition as provided in Section 14 or (b) a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the

case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation. The Parties agree that withdrawal of an inapplicable designation will not be *de facto* evidence of misuse of the designation process or otherwise a violation of Section 5.1.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition, the Designating Party may either:

(1)  identify on the record, before the close of the deposition, all "CONFIDENTIAL" testimony, by specifying all portions of the testimony that qualify as "CONFIDENTIAL"; or

(2) designate the entirety of the deposition testimony, including, but not limited to the exhibits presented to the witness, as "CONFIDENTIAL" (before the deposition is concluded) with the right to identify more specific portions of the deposition testimony as to which protection is sought within 30 days following receipt of the deposition transcript.  In circumstances where portions of the deposition testimony are designated for protection, the transcript pages containing "CONFIDENTIAL" Information may be separately bound by the court reporter, who must affix to the top of each page the CONFIDENTIAL legend as instructed by the Designating Party. The designation of portions of the Testimony as "CONFIDENTIAL" will not alter the pagination of the transcript.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate.

(a)  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection and/or has been inadvertently produced without the "CONFIDENTIAL" designation (hereinafter "Inadvertent Production"), the Receiving Parties shall promptly destroy the Inadvertent Production and all copies thereof, or return such together with all copies of such materials to counsel for the Designating Party.  Should the Receiving Parties choose to destroy the Inadvertent Production, the Receiving Parties shall notify the Producing Party in writing of such destruction within seven (7) days of receipt of notice of the Inadvertent Production. *See* Fed. R. Civ. Proc. 26(b)(5)(B).  If any of the Receiving Party has disclosed the materials before

receiving the designation, the Receiving Party must notify the Designating Party in writing of each such disclosure.

(b)    If promptly corrected upon awareness of an inadvertent failure to designate, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. The disclosure of Protected Material without being designated as such at the time of the disclosure shall not be deemed as a waiver in whole or in part of a Party's claim to designate the information Protected Material, either as to the specific information disclosed or as to any other information relating to or on the same or related subject matter.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time prior to the close of discovery.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and

1   in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge

2   or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute,

3   whichever is later. Each such motion must be accompanied by a competent declaration affirming that the

4   movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure

5   by the Designating Party to make such a motion including the required declaration within the permissible

6   time frame shall automatically waive the confidentiality designation for each challenged designation. In

7   addition, the Challenging Party may file a motion challenging a confidentiality designation within 21 days

8   of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process

9   will not resolve their dispute, whichever is later.  Any motion brought pursuant to this provision must be

10   accompanied by a competent declaration affirming that the movant has complied with the meet and confer

11   requirements imposed by the preceding paragraph.

12          6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating

13   Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties

14   shall continue to afford the material in question the level of protection to which it is entitled under the

15   Producing Party's designation, until the Court rules on the challenge.

16   7.     ACCESS TO AND USE OF PROTECTED MATERIAL

17          7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

18   produced by another Party or by a Non-Party in connection with this Action only for prosecuting,

19   defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the

20   categories of persons and under the conditions described in this Order. When the Action has been

21   terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL

22   DISPOSITION). In no event may any Protected Material be used in connection with any matter other than

23   the Action, including, but not limited to *Alex Morgan et al. v. United States Soccer Federation*, Case No.

24   2:19-cv-01718 RGK-AGR (C.D. Cal. Mar. 8, 2019) (hereinafter "*Morgan* Matter"), without the express

25   written consent of the Designating Party. It is Plaintiff's position that, notwithstanding this Section 7.1,

26   Protected Material should be permitted to be disclosed to the appropriate categories of persons associated

27   with the Plaintiffs in the *Morgan* Matter.  Plaintiff reserves her rights to seek such orders from the Court.

28

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees and support staff of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) *and* as to whom the procedures set forth in Section 8, below, have been followed;

(d)    the court and its personnel;

(e)    court reporters and their staff who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness and their attorney (if not Counsel) sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected

Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)     the plaintiffs in the *Morgan* Matter ("*Morgan* Plaintiffs") and their counsel of record, during depositions to which the *Morgan* Plaintiffs and their counsel of record are invited to participate in order to promote judicial economy between this Action and the *Morgan* Matter, provided they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and the Protected Material designated "CONFIDENTIAL" to be disclosed during the deposition has also been produced in the *Morgan* Matter; and

(j)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, in each case after they have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. During the pendency of this Action, certain CONFIDENTIAL information may be discovered which Counsel reasonably and in good faith considers to contain highly sensitive information that could result in harm if disclosed to the Receiving Party (aside from Receiving Party's Outside Counsel of Record). By entering into this Stipulated Protective Order, the Parties do not concede that a HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation to protect such information is either appropriate or inappropriate in this Action. Rather, the Parties shall meet and confer in the event that either Party discovers such highly sensitive information and shall attempt to come to agreement on the propriety of a HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation. The Parties therefore expressly reserve their right to seek to amend this Protective Order to include such designation. Prior to the resolution of the propriety of a HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation, document(s) that the Designating Party reasonably and in good faith considers HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to the Receiving Party's Outside Counsel of Record.

8.     DISCLOSURE TO EXPERTS AND CONSULTANTS

Counsel may allow access to discovery material designated "CONFIDENTIAL" to their experts

and consultants provided that any such expert or consultant who is to receive such material (1) shall be provided with a copy of this Protective Order and (2) shall execute an undertaking in the form annexed hereto as Exhibit A, before any such material is disclosed to them. Experts and consultants shall be specifically advised that the portion of their written work product that contains or discloses the substance of discovery material designated as "CONFIDENTIAL" is subject to all the provisions of this Protective Order. Counsel disclosing such material to experts and consultants shall be responsible for obtaining the executed undertakings in advance of such disclosure and also shall retain the original executed copy of said undertakings.

9.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" that Party must:

(a)   notify in writing the Designating Party within two business days. Such notification shall include a copy of the subpoena or court order;

(b)   notify in writing within two business days the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected, and in furtherance of such, do not produce the impacted Protected Materials in advance of the production date set forth in the subpoena or court order.

If the Designating Party seeks a protective order prior to the production date set forth in the subpoena or court order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential

material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are also applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  In addition, nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request and designate it as Protected Material. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and require them to destroy or sequester all such information pending its return, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and otherwise destroy any copies of any Protected Material.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a)    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Section 5.3. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the court.

13.    MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Nothing in this Order shall be construed to require any party to commit any act, including the disclosure of any information, that would violate any federal, state, or other law.

13.3    This Order is without prejudice to a Party's right to assert the attorney-client privilege, attorney work-product protection, or any other privilege or objection.

13.4     Neither this Order nor the disclosure of Protected Material shall be deemed a concession or determination of the relevance, materiality, or admissibility of Protected Material governed by or disclosed under this Order.

13.5     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.6     <u>Filing Protected Material</u>. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 *et seq.*

14.     <u>FINAL DISPOSITION</u>

After the Final Disposition of this Action, as defined in Section 2.8, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all tangible information not previously filed with the court such as, but not limited to, copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, including without limitation, notes of Outside Counsel of Record of the Receiving Party. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product (collectively, "Archival Materials"), even if such materials contain Protected Material. Any such Archival Materials that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION) and such obligations shall survive Final Disposition for so long as Counsel retain such Archival Materials. Any

1  violation of this Order by Parties, Counsel, and all other persons may be punished by any and all

2  appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

3  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4

5  DATED:  January 27, 2020          By:___/s/ Brian R. Morrison_____
   Brian R. Morrison (*admitted pro hac vice*)
6  **TADLER LAW LLP**
   One Penn Plaza, 36th Floor
7  New York, NY 10119
   Telephone: (646) 924-1040
8  Email: bmorrison@tadlerlaw.com

9  A.J. de Bartolomeo (SBN 136502)
   **TADLER LAW LLP**
10 P.O. Box 475847
   San Francisco, CA 94147-5847
11 Telephone: (212) 631-8689
   Email: ajd@tadlerlaw.com

12 Paul K. Stafford
   **THOMPSON & KNIGHT LLP**
13 1722 Routh Street, Suite 1500
   Dallas, TX 75201
14 Telephone: (214) 969-1106
   Email: paul.stafford@tklaw.com
15
   Attorneys for Plaintiff
16 Hope Solo

17

18 DATED: January 27, 2020          **SEYFARTH SHAW LLP**

19

20                                  By:____/s/ Chantelle C. Egan_____
   Chantelle C. Egan
21 Attorneys for Defendant
   United States Soccer Federation
22

23

24

25

26

27

28

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED _____

_____
Hon. James Donato
United States District Judge

1

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-1, I certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Date: January 27, 2020                          By: *Chantelle C. Egan*
                                                Chantelle C. Egan

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

4

I, _____ [print or type full name], of

5

_____ [print or type full address], declare under penalty of perjury

6

that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United

7

States District Court for the Northern District of California in the case of *Hope Solo v. United States*

8

*Soccer Federation*, Case No. 3:18-cv-05215-JD, fully incorporated by reference herein. I agree to comply

9

with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

10

that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

11

solemnly promise that I will not disclose in any manner any information or item that is subject to this

12

Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this

13

Order.  I further agree to submit to the jurisdiction of the United States District Court for the Northern

14

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

15

such enforcement proceedings occur after termination of this action. I hereby appoint

16

_____ [print or type full name] of

17

_____[print or type full address and

18

telephone number] as my California agent for service of process in connection with this action or any

19

proceedings related to enforcement of this Stipulated Protective Order.

20

21

Date: _____

22

City and State where sworn and signed: _____

23

Printed name: _____

24

Signature: _____

25

26

27

28

STIPULATED PROTECTIVE ORDER - Case No. 3:18-cv-05215 JD